UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CITIZENS FOR RESPONSIBILITY<br>AND ETHICS IN WASHINGTON,<br>    1331 F Street NW, Suite 900<br>    Washington, DC 20004,<br><br>        Plaintiff,<br><br>        v.<br><br>OFFICE OF MANAGEMENT AND<br>BUDGET,<br>    725 17th Street NW<br>    Washington, DC 20503,<br><br>and<br><br>RUSSELL T. VOUGHT, in his official<br>capacity as Director, Office of<br>Management and Budget,<br>    725 17th Street NW<br>    Washington, DC 20503,<br><br>        Defendants. | Civil Action No. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

1.      By law, defendant Office of Management and Budget (OMB) is required to operate and maintain an automated system for posting on a publicly accessible website "each document apportioning an appropriation … including any associated footnotes" and a written explanation in each document explaining the rationale for any associated footnotes. Consolidated Appropriations Act, 2023, div. E, § 204; Consolidated Appropriations Act, 2022, div. E, § 204(b)–(c), *codified at* 31 U.S.C. § 1513 note. Pursuant to those statutes, OMB created and, until recently, operated and maintained an automated system for posting each apportionment document, including footnotes and written explanations, to a publicly accessible website (the Public Apportionments Database).

1

2. The Public Apportionments Database is an important tool used by plaintiff Citizens for Responsibility and Ethics in Washington and other members of the public to understand how OMB controls and imposes conditions on agency spending. The information contained in the Public Apportionments Database is critical to understanding how OMB has apportioned funds appropriated by Congress, including any requirements or conditions imposed by OMB on an agency's spending of Congressionally appropriated funds.

3. On or about March 24, 2025, defendants OMB and Russell Vought removed the Public Apportionments Database and the information that it contained. Several days later, Defendants stated in a letter to Congress that "OMB will no longer operate and maintain the publicly available automated system" as required by the 2023 Act. Defendants' action is unlawful.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(e)(1) because OMB is an agency of the United States.

## PARTIES

6. Plaintiff Citizens for Responsibility and Ethics in Washington (CREW) is a non-partisan, non-profit government watchdog organization based in Washington, D.C. CREW is committed to protecting the rights of citizens to be informed about the activities of government officials and agencies and to ensuring transparency, ethics, and integrity in government. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of those activities, CREW routinely relies on government records and data made available to it under the Freedom of Information Act (FOIA), the Ethics in Government Act, the Federal Advisory Committee Act, and other federal transparency laws. CREW uses that information to create public-

facing reports, draft administrative complaints and requests for investigation, and craft targeted FOIA requests for additional information. CREW widely disseminates these materials to the public through its website, which receives hundreds of thousands of page views every month.

7. Monitoring how the Executive Branch utilizes appropriated funds has long been a core focus of CREW's public-facing work. As part of that work, CREW routinely relies on the Public Apportionments Database. For example, CREW monitors apportionment data for the potential withholding of appropriated funds, relies on apportionment data to identify the potential misuse of public money, has requested federal records based on information gathered from apportionment data, has referred the public and congressional leadership to the Public Apportionments Database as part of CREW's advocacy regarding the Impoundment Control Act, and has relied on information from the Public Apportionments Database in court filings. Without public access to the information contained in the Public Apportionments Database, including the documents, footnotes, and written explanations required by law, CREW will not be able to monitor apportionment data for possible impoundments, analyze the data as part of CREW's work in monitoring government operations and funding, and disseminate those findings to the public.

8. Defendant OMB is a federal agency with responsibility for overseeing the management of federal financial assistance, including by establishing policies and requirements. *See* 31 U.S.C. §§ 503(a), 504.

9. Defendant Russell T. Vought is the Director of OMB. He is sued in his official capacity.

## STATUTORY BACKGROUND

**OMB's Apportionment of Appropriated Funds**

10. Pursuant to the Anti-Deficiency Act, the President must "apportion in writing an appropriation available to an executive agency." 31 U.S.C. § 1513(b)(1). Appropriated funds are apportioned by "time period[]" or "activities, functions, projects, or objections," or a combination of both. *Id.* § 1512(b)(1). An apportionment is a "legally binding" budget decision. OMB, Circular No. A-11, *Preparation, Submission, and Execution of the Budget*, § 120.1, at 5 (2024).[1] A federal officer or employee "may not make or authorize an expenditure or obligation exceeding … an apportionment," 31 U.S.C. § 1517(a)(1), and a federal official responsible for authorizing an expenditure or obligation exceeding an apportionment may be subject to adverse personnel actions or criminal penalties, *id.* §§ 1518, 1519.

11. By executive order, the President delegated to OMB the authority to apportion appropriated funds to executive agencies. *See* Exec. Order No. 6,166 (June 10, 1933), *amended by* Exec. Order No. 12,608, 52 Fed. Reg. 34617 (Sept. 9, 1987).

12. Through apportionments, OMB makes appropriated funds available for agency spending. In its apportionment documents, including in footnotes for apportioned amounts, OMB has imposed conditions on agency spending. For example, an apportionment footnote might direct agencies to take certain actions with respect to the appropriated funds or withhold those funds from agencies.[2]

---

[1] https://www.whitehouse.gov/wp-content/uploads/2018/06/a11.pdf.

[2] *See* U.S. Gov't Accountability Office, Decision, File No. B-331564, *Office of Management and Budget—Withholding of Ukraine Security Assistance* (Jan. 16, 2020), https://www.gao.gov/assets/b-331564.pdf (describing OMB's withholding of funds appropriated for U.S. security assistance to Ukraine and concluding that OMB's withholding "for a policy reason" violated the Impoundment Control Act).

4

**The 2022 and 2023 Consolidated Appropriations Acts**

13. In the Consolidated Appropriations Act, 2022 (the 2022 Act), Congress required OMB to post on a publicly accessible website a database with OMB's documents and associated footnotes apportioning appropriated funds. Specifically, the 2022 Act required OMB to "implement[] … an automated system to post each document apportioning an appropriation … including any associated footnotes … not later than 2 business days after the date of approval of such apportionment" and to "place on such website each document apportioning an appropriation … including any associated footnotes[] already approved the current fiscal year." Pub. L. No. 117-103, div. E, tit. II, § 204(b), 136 Stat. 49, 257 (Mar. 15, 2022). Congress further required that "[e]ach document apportioning an appropriation … that is posted on a publicly accessible website pursuant to such section shall also include a written explanation by the official approving each such apportionment stating the rationale for any footnotes for apportioned amounts." *Id.* § 204(c). In addition, the 2022 Act required that documents apportioning an appropriation be posted "in a format that qualifies each such document as an open Government data asset (as defined in [44 U.S.C. § 3502])." *Id.* § 204(b).

14. In the Consolidated Appropriations Act, 2023 (the 2023 Act), Congress required that "[i]n fiscal year 2023 and *each fiscal year thereafter*," OMB "*shall* operate and maintain the automated system required to be implemented" by the 2022 Act and "*shall* continue to post each document apportioning an appropriation … including any associated footnotes." Pub. L. No. 117-328, div. E, tit. II, § 204(1), 136 Stat. 4459, 4667 (Dec. 29, 2022) (emphases added). The 2023 Act further provided that, for each document posted on the publicly accessible website, the requirement of a written explanation of the rationale for footnotes for apportioned amounts "*shall* continue to apply." *Id.* § 204(2) (emphasis added). Like the 2022 Act, the 2023 Act also required that the

documents apportioning an appropriation be posted "in a format that qualifies each such document as an open Government data asset (as that term is defined in [44 U.S.C. § 3502])." *Id.* § 204(2).

**The Paperwork Reduction Act**

15. Congress enacted the Paperwork Reduction Act to "ensure the greatest possible public benefit from and maximize the utility of information created, collected, maintained, used, shared and disseminated by or for the Federal Government" and "provide for the dissemination of public information on a timely basis, on equitable terms, and in a manner that promotes the utility of the information to the public and makes effective use of information technology." 44 U.S.C. §§ 3501(2), (7).

16. To accomplish those goals, the Paperwork Reduction Act mandates that every agency must "ensure that the public has timely and equitable access to the agency's public information" and must "regularly solicit and consider public input on the agency's information dissemination activities." *Id.* §§ 3506(d)(1), (2). The Paperwork Reduction Act further mandates that agencies must "provide adequate notice when initiating, substantially modifying, or terminating significant information dissemination products." *Id.* § 3506(d)(3).

17. OMB has defined "information dissemination product" as "any recorded information, regardless of physical form or characteristics, disseminated by an agency, or contractor thereof, to the public." OMB, Circular No. A-130 Revised, 2016 WL 7664619, at *22 (July 28, 2016).

### FACTUAL BACKGROUND

18. To implement the 2022 Act, OMB, in July 2022, posted on a publicly accessible website a database, at https://apportionment-public.max.gov/, containing apportionment

documents, associated footnotes, and written explanations for footnotes for apportioned amounts (the Public Apportionments Database).

19. To comply with the requirements of the 2022 Act and the 2023 Act, between July 2022 and on or about March 24, 2025, OMB continued to maintain and operate the Public Apportionments Database and the publicly accessible website that housed it. During that time, OMB posted to the Public Apportionments Database (i) documents and associated footnotes apportioning appropriated funds within two business days of the approval date of the apportionment and (ii) all documents apportioning an appropriation and associated footnotes that were already approved during the fiscal year. Further, in documents posted in the Public Apportionments Database, OMB included written explanations by the official approving the apportionment with the rationale for any footnotes for the apportioned amounts.

20. On or about March 24, 2025, Defendants removed the Public Apportionments Database, the information it contained, and the website that housed the database and information. Defendants replaced the website that had housed the Public Apportionments Database and information with a "Page Not Found" error message.

21. Defendants provided no notice or explanation prior to its removal of the Public Apportionments Database.

22. On March 24, 2025, Congresswoman Rosa DeLauro, Ranking Member of the House Appropriations Committee, and Senator Patty Murray, Senate Appropriations Committee Vice Chair, issued a joint statement calling on Defendants to restore immediately public access to the Public Apportionments Database.[3]

---

[3] Press Release, Rep. Rosa DeLauro & Sen. Patty Murray, *What Are They Hiding? DeLauro, Murray Demand OMB Promptly Restore Access to Website Detailing Federal Spending Allocations, As Federal Law Requires* (Mar. 24, 2025), https://democrats-

23. Approximately five days after OMB removed the Public Apportionments Database, Defendant Vought stated in a letter to Congress that "[OMB] will no longer operate and maintain the publicly available system to which apportionments are posted envisioned in section 204 of division E of the Consolidated Appropriations Act, 2023." Vought further stated that "OMB has determined that it can no longer operate and maintain this system because it requires the disclosure of sensitive, predecisional, and deliberative information."[4]

24. Defendants' statements in the letter are inconsistent with OMB's prior statement that apportionment footnotes reflect final agency decisions that are not themselves predecisional or deliberative.[5]

25. The Public Apportionments Database and the information that it contains, including information about prior apportionments and any apportionments that have been made since the removal of that database, are not available on any other publicly accessible government website.

## CLAIMS FOR RELIEF

### Count One

26. Under the Administrative Procedure Act (APA), a court shall "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

---

appropriations.house.gov/news/press-releases/what-are-they-hiding-delauro-murray-demand-omb-promptly-restore-access-website.

[4] Letter from Russell Vought to Sen. Patty Murray, Mar. 29, 2025, https://x.com/PattyMurray/status/1906821477959074083/photo/1.

[5] *See, e.g.*, Defs.' Mem. in Supp. of Mot. For Summ. J., at 3, 28–35, *Ctr. for Public Integrity v. U.S. Dep't of Def.*, No. 1:19-cv-3265, ECF No. 22 (D.D.C. Jan. 31, 2020).

27.     Defendants' failure to maintain or operate the Public Appropriations Database on a publicly accessible website violates the requirements of the 2023 Act, which imposed on OMB a continuing obligation to publicly post the information required by the 2022 Act.

28.     Defendants' removal of the Public Apportionments Database and the information it contained from a publicly accessible website was done without reasoned decisionmaking.

29.     Defendants' removal of the Public Apportionments Database and the information it contained, failure to operate and maintain the Public Apportionments Database, and failure to make publicly accessible the information required by the 2022 Act are arbitrary, capricious, and not in accordance with the requirements of the 2023 Act.

## Count Two

30.     Under the APA, a court shall "hold unlawful and set aside agency action" that is "not in accordance with law," 5 U.S.C. § 706(2)(A), or taken "without observance of procedure required by law," *id.* § 706(2)(D).

31.     The Public Apportionments Database and the information it contained are significant information dissemination products. *See* 44 U.S.C. § 3506(d)(3).

32.     Because it provided no advance public notice before removing the Public Apportionments Database and the information it contained from the publicly available website, Defendants failed to comply with the Paperwork Reduction Act requirement that an agency must "provide adequate notice when initiating, substantially modifying, or terminating significant information dissemination products." *Id*.

33.     In removing the Public Apportionments Database and the information it contained from the publicly available website, Defendants failed to comply with the Paperwork Reduction

9

Act requirement that an agency "ensure that the public has timely and equitable access to the agency's public information." *Id*.

34. By removing the Public Apportionments Database and the information contained in it from the publicly available website, Defendants failed to observe procedures required by law and took agency action not in accordance with the Paperwork Reduction Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A. Declare unlawful Defendants' failure to maintain and operate a publicly accessible automated system for posting OMB's documents apportioning appropriated funds, associated footnotes, and written explanations;

B. Declare unlawful Defendants' removal of the Public Apportionments Database and the information it contained from the publicly accessible website;

C. Enter a preliminary and permanent injunction requiring Defendants to restore the Public Apportionments Database, including the information contained within it, or otherwise to make available on a publicly accessible website the information about apportionments of appropriated funds described in the 2022 Act and the 2023 Act;

D. Enter a preliminary and permanent injunction enjoining Defendants from removing the Public Apportionments Database and the information it contained from a publicly accessible website without statutory authorization;

E. Award Plaintiff its reasonable costs and attorneys' fees; and

F. Grant such other and further relief as this Court may deem just and proper.

Dated: April 8, 2025						Respectfully submitted,

/s/ *Wendy Liu*
Wendy Liu (DC Bar No. 1600942)
Adina H. Rosenbaum (DC Bar No. 490928)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Nikhel S. Sus (DC Bar No. 1017937)
Yoseph T. Desta (DC Bar No. 90002042)*
Citizens for Responsibility and Ethics in Washington
1331 F St. NW, Suite 900
Washington, DC 20004
Phone: (202) 408-5565
Fax: (202) 508-5020
nsus@citizensforethics.org
ydesta@citizensforethics.org

*pro hac vice motion forthcoming

*Counsel for Plaintiff*

11