UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF MANAGEMENT AND BUDGET, et al.<br><br>Defendants. | Civil Action No. 25-cv-1051 |

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Citizens for Responsibility and Ethics in Washington (CREW) respectfully submits this response to the Court's order to show cause why *Protect Democracy Project v. OMB*, No. 25-1111, should not be consolidated with this case. *See* 4/21/2025 Minute Order. CREW believes that consolidation as to briefing or adjudication of CREW's pending motion for preliminary injunction and partial summary judgment would not be appropriate. CREW's motion raises straightforward claims that can be adjudicated promptly, and CREW has a strong interest in the prompt resolution of its pending motion given the ongoing and irreparable harms to CREW. CREW has no objection to the Court setting a coordinated schedule for subsequent proceedings.

### ARGUMENT

When cases involve common questions of law or fact, Federal Rule of Civil Procedure 42(a) gives courts the discretionary authority to consolidate cases either in whole or part. "When determining whether to exercise such discretion [to consolidate under Rule 42(a)], 'courts weigh considerations of convenience and economy against considerations of confusion and prejudice.'" *Am. Postal Workers Union v. U.S. Postal Serv.*, 422 F. Supp. 2d 240, 245 (D.D.C. 2006). In

exercising this discretion, "district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated." *Nat'l Sec. Counselors v. CIA*, 322 F.R.D. 41, 43 (D.D.C. 2017). In addition, if a court determines that consolidation is proper, the "court need not order the actions consolidated in their entirety but merely may order a joint hearing or trial of the common issue or of other particular issues." Wright & Miller, 9A Fed. Prac. & Proc. § 2382 (3d ed. 2025) (collecting cases); *see* Fed. R. Civ. P. 42(a)(2); *see, e.g.*, *NAACP v. U.S. Postal Serv.*, No. 20-cv-2295, Minute Order (D.D.C. Sept. 5, 2020) (Sullivan, J.) (exercising discretion to deny consolidation of related cases but ordering coordination of discovery schedules).

Although CREW has no objection to coordinating the timing of proceedings in the two cases, it opposes consolidation. There is no risk of inconsistent rulings on common factual and legal questions because the cases have already been assigned to the same judge. And proceeding in separate lawsuits will not increase the burden on the Court or the parties.

Moreover, CREW's pending motion for a preliminary injunction and partial summary judgment raises straightforward legal claims brought under the Administrative Procedure Act (APA) that Defendants' action is contrary to law. Those claims are based on publicly available and judicially noticeable facts, and they do not require discovery, production of an administrative record, or the resolution of any factual issue. Accordingly, CREW's claims can be adjudicated expeditiously, as set forth in CREW's pending motion. Expedited adjudication is important to CREW, which is suffering irreparable harm from Defendants' removal of public access to the Public Apportionments Database. As explained in the memorandum in support of CREW's pending motion, without immediate public access to the information at issue, CREW is unable to

conduct its work on issues involving government spending and to satisfy its mission to inform the public about matters that are directly tied to current, ongoing actions of significant national concern. *See* ECF No. 9 at 18–21. By contrast, the complaint in the *Protect Democracy* case raises claims that are not raised in this case. *See* No. 25-1111, ECF No. 1. And the plaintiff in *Protect Democracy* has not yet filed any motion.

Accordingly, to the extent that consolidating the two cases into one would require the plaintiffs in the separate actions to engage in joint briefing, joint amendments, and a joint litigation strategy, consolidation would not serve the interests of convenience and economy. And consolidation could unfairly prejudice CREW by delaying resolution of its pending motion. *See Nat'l Sec. Counselors*, 322 F.R.D. at 43; *see, e.g.*, *De La Fuente v. DNC Servs. Corp.*, No. 18-336, 2019 WL 1778948, at *13 (D.D.C. Apr. 23, 2019) (exercising discretion to deny consolidation where it could potentially delay proceedings and thereby prejudice one of the parties); Wright & Miller, 9A Fed. Prac. & Proc. § 2383 (3d ed. 2025) (recognizing that consolidation may be denied if it "will cause delay in the processing of one or more of the individual cases").

If the plaintiff in *Protect Democracy* files a motion for a preliminary injunction or for summary judgment in the near future, and that motion could be briefed on the schedule already set by the Court for consideration of CREW's pending motion, CREW would have no objection to the Court's joint consideration of the motions. CREW also has no objection to the Court setting a coordinated schedule for subsequent proceedings.

## CONCLUSION

For the foregoing reasons, CREW opposes consolidation of this case with *Protect Democracy* but does not oppose a coordinated schedule for subsequent proceedings.

Dated: April 21, 2025                     Respectfully submitted,

/s/ *Wendy Liu*
Wendy Liu (DC Bar No. 1600942)
Adina H. Rosenbaum (DC Bar No. 490928)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000

Nikhel S. Sus (DC Bar No. 1017937)
Yoseph T. Desta (DC Bar No. 90002042)*
Citizens for Responsibility and Ethics in Washington
1331 F St. NW, Suite 900
Washington, DC 20004
(202) 408-5565

*admitted *pro hac vice*

*Counsel for Plaintiff*

4