IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, <br><br> Plaintiff, <br><br> v. <br><br> OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> Defendants. | Case No. 1:25-cv-01051-EGS |

**DEFENDANTS' COUNTER-STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE ISSUE**

| | |
|---|---|
| An apportionment is a budgetary allocation of congressionally appropriated funds—by "time period[]" or "activities, functions, projects, or objects," or a combination of both—for an agency's spending. 31 U.S.C. § 1512(b)(1). | Undisputed |
| An apportionment is a final decision that is made and approved by the Office of Management and Budget (OMB). *See* OMB, Circular No. A-11, *Preparation, Submission, and Execution of the Budget* §§ 20.3, 120.1 (OMB Circular No. A-11), https://www.whitehouse.gov/wp-content/uploads/2018/06/a11.pdf. | Undisputed that the OMB Circular No. 11 includes this statement, except as to the word "final" as it is Plaintiff's characterization. Appropriated funds are to be apportioned "as the [apportioning] official considers appropriate," 31 U.S.C. § 1512(b)(2), and may be subject to re-apportionment, 31 U.S.C. § 1512(a), (d); Kinneen Decl. ¶ 16. |
| An apportionment is a legally binding budget decision and subject to the Anti-Deficiency Act. *See* 31 U.S.C. §§ 1517–19; OMB Circular A-11 § 120.1; *see also* Bagenstos Decl. ¶ 11; Carlile Decl. ¶ 6. | Undisputed that the OMB Circular No. 11 includes this statement. Apportionments involve exercising significant discretion and judgment regarding the budgetary resources a program |

| | |
|---|---|
| | requires, including when those resources will be needed and for what purpose. Apportionments, being an exercise of delegated authority from the President, are legally binding upon the Executive Branch officials. The apportionment, however, does not bind OMB, which remains free to change it whenever it so chooses, as Circular A-11 also makes clear. Circular A-11, an Executive Branch guidance document, merely confirms that agencies must follow instructions from the President, acting through OMB. Kinneen Decl. ¶ 6. |
| The footnotes to apportionments are part of the apportionment. OMB Circular No. A-11 §§ 120.34, 120.36. | Undisputed |
| The Consolidated Appropriations Act, 2022 (2022 Act) required OMB to post on a publicly accessible website a database with OMB's documents apportioning appropriations, associated footnotes, and written explanations for the associated footnotes, not later than 2 business days after the date of approval of the apportionment. Pub. L. No. 117-103, div. E, tit. II, § 204(b), 136 Stat. 49, 257 (Mar. 15, 2022) (codified at 31 U.S.C. § 1513 note); *id.* § 204(c). | Undisputed |
| The Consolidated Appropriations Act, 2023 (2023 Act) made permanent, for each fiscal year, the requirements in the 2022 Act for OMB to post on a publicly accessible website a database with OMB's documents apportioning appropriations, associated footnotes, and written explanations for the associated footnotes, not later than 2 business days after the date of approval of the apportionment. Pub. L. No. 117-328, div. E, tit. II, § 204(1), 136 Stat. 4459, 4667 (Dec. 29, 2022) (codified at 31 U.S.C. § 1513 note); *id.* § 204(2). | Undisputed |
| The 2022 Act and 2023 Act required that documents apportioning an appropriation be posted "in a format that qualifies each such document as an open Government data | Undisputed |

| | |
|---|---|
| asset (as defined in [44 U.S.C. § 3502]).” 2022 Act, § 204(b) (codified at 31 U.S.C. § 1513 note); 2023 Act, § 204(1) (codified at 31 U.S.C. § 1513 note). | |
| In July 2022, OMB implemented the transparency requirements of the 2022 Act by posting an apportionment database (the "Public Apportionments Database") at https://apportionment-public.max.gov/, a publicly accessible website. *See* OMB Circular No. A-11 § 120.4; *see also* Approved Apportionments, Public Apportionments Database (as of July 14, 2022), https://web.archive.org/web/20220714005315/https://apportionment-public.max.gov/. | Undisputed as to all except the word "transparency" as it is plaintiff's characterization. |
| The Public Apportionments Database contained, for fiscal year 2022, all documents apportioning an appropriation, including associated footnotes, and written explanations for footnotes for apportioned amounts. *See* Approved Apportionments, Public Apportionments Database (as of July 14, 2022), https://web.archive.org/web/20220714005315/https://apportionment-public.max.gov/. | Undisputed |
| From July 2022 until about March 24, 2025, OMB continued to maintain and operate the Public Apportionments Database, as required by the 2022 Act and 2023 Act. *See* OMB Circular No. A-11 § 120.4. | Undisputed |

| | |
|---|---|
| From July 2022 until about March 24, 2025, OMB posted to the Public Apportionments Database apportionments, including associated footnotes and written explanations, within two business days of the approval date of the apportionment, making that information publicly accessible. *See* OMB Circular No. A-11 § 120.4; Approved Apportionments, Public Apportionments Database (as of March 21, 2025), https://web.archive.org/web/20250321155515/ https://apportionment-public.max.gov/. | Undisputed |
| As of March 24, 2025, Defendants OMB and Director Vought removed the Public Apportionments Database from the website. *See* Paul M. Krawzak, *White House scraps public spending database*, Roll Call, Mar. 24, 2025, https://rollcall.com/2025/03/24/white-house-scraps-public-spending-database/; *see also* Wentworth Decl. ¶ 23. | Undisputed |
| The website that had housed the Public Apportionments Database has been replaced with a "Page Not Found" message. *See* MAX Homepage, https://apportionment-public.max.gov/; *see also* Wentworth Decl. ¶¶ 23, 25. | Undisputed |
| Defendants provided no notice or explanation to the public prior to their removal of the Public Apportionments Database. *See* Wentworth Decl. ¶ 24. | Undisputed |
| Approximately five days after removing the Public Apportionments Database, Defendants stated in a letter to Congressmembers that OMB "will no longer operate and maintain the publicly available system to which apportionments are posted envisioned in section 204 of division E of the Consolidated Appropriations Act, 2023." Letter from Russell Vought to Sen. Patty Murray, Mar. 29, 2025 (OMB Letter), https://x.com/PattyMurray/status/1906821477959074083/photo/1; *see also* Press Release, Rep. Rosa DeLauro, *DeLauro Edits Vought's Letter: "Fixed it for you."* (Apr. 2, 2025). | Undisputed. Defendants refer the Court to the cited letter for a full and complete statement of its contents. |
| The OMB Letter stated that "OMB has determined that it can no longer operate and maintain this system because it requires the disclosure of sensitive, predecisional, and deliberative information." OMB Letter. | Undisputed. Defendants refer the Court to the cited letter for a full and complete statement of its contents. |

4

| | |
|---|---|
| Since about March 24, 2025, the Public Apportionments Database and the information within it, including information about prior apportionments and any apportionments that have been approved by OMB since the removal of that database, have not been made publicly available by OMB on any government website. Wentworth Decl. ¶ 9, 26. | Undisputed, except to the extent information is available via OMB's SF 133 Report and Treasury's Financial Report of the United States Government |
| The apportionment information posted in the Public Apportionments Database does not reveal sensitive or classified information. *See* Schwartz Decl. ¶ 8; Bagenstos Decl. ¶ 16; Press Release, Rep. Rosa DeLauro & Sen. Patty Murray, *What Are They Hiding? DeLauro, Murray Demand OMB Promptly Restore Access to Website Detailing Federal Spending Allocations, As Federal Law Requires* (Mar. 24, 2025), https://democrats-appropriations.house.gov/news/press-releases/what-are-they-hiding-delauro-murray-demand-omb-promptly-restore-access-website. | Disputed. *See* Kinneen Decl. ¶¶ 14, 16–17. |
| Apportionments do not contain pre-decisional or deliberative information. Bagenstos Decl. ¶¶ 11, 12; Schwartz Decl. ¶ 7; Carlile Decl. ¶¶ 6, 8. | Disputed. *See* Kinneen Decl. ¶¶ 10–17. |
| Monitoring the Executive Branch's use of congressionally appropriated funds is an important part of CREW's work, and CREW has relied on the information in the Public Apportionments Database to perform that work. *See* Wentworth Decl. ¶¶ 6–10. | This assertion contains plaintiff's characterization of the cited paragraphs. The Court is referred to the Wentworth declaration for a full and accurate statement of its contents. |
| CREW's ability to monitor apportionments through the Public Apportionments Database promptly and without delay is essential to its mission to promote government transparency and accountability and to disseminate information about government activity to the public. Wentworth Decl. ¶ 9. | Undisputed that the cited paragraph includes this statement. |
| Timely access to all of OMB's apportionments is critical to CREW's work in monitoring government spending because it allows CREW to evaluate changes in government operations and spending; accordingly, CREW typically accesses apportionment information as soon as it is posted in the Public Apportionments Database. Wentworth Decl. ¶¶ 7–8. | This assertion contains plaintiff's characterization of the cited paragraphs. The Court is referred to the Wentworth declaration for a full and accurate statement of its contents. |

5

| | |
|---|---|
| Because apportionment information is not publicly available on any other government website, without timely access to apportionment information through the Public Apportionments Database, CREW is unable to conduct its work on issues involving government spending and satisfy its mission to inform the public about matters of significant public interest and importance. *See* Wentworth Decl. ¶¶ 9, 26–27. | This assertion contains plaintiff's characterization of the cited paragraphs. The Court is referred to the Wentworth declaration for a full and accurate statement of its contents. |

Dated: April 30, 2025

    Respectfully submitted,

    YAAKOV M. ROTH
    Acting Assistant Attorney General

    MARCIA BERMAN
    Assistant Branch Director

    */s/ Heidy L. Gonzalez*
    HEIDY L. GONZALEZ
    (FL Bar #1025003)
    CARMEN M. BANERJEE
    (D.C. Bar #497678)
    Trial Attorneys
    United States Department of Justice
    Civil Division, Federal Programs Branch
    1100 L Street NW
    Washington, DC 20530
    Tel: (202) 598-7409
    Email: heidy.gonzalez@usdoj.gov