UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 25-cv-1051 |
| OFFICE OF MANAGEMENT AND BUDGET, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF
IN RESPONSE TO COURT'S MINUTE ORDER**

**INTRODUCTION**

Citizens for Responsibility and Ethics in Washington (CREW) filed this action challenging Defendants' removal of public access to OMB's database reflecting its apportionments, which OMB is required by law to post on a publicly accessible website. On April 18, 2025, CREW moved for a preliminary injunction and for summary judgment on its claims that Defendants' action violates the Consolidated Appropriations Act, 2023 (2023 Act) and the Paperwork Reduction Act. Because CREW had not (and has not yet) received the administrative record, CREW did not move for summary judgment on its claim that Defendants' action is arbitrary and capricious.

On June 2, this Court ordered supplemental briefing to address three issues: "(1) why Plaintiff is entitled to the types of relief sought; (2) if plaintiff seeks permanent injunctive relief, whether the court must perform the balancing test for permanent injunctive relief prior to granting a permanent injunction as part of the final judgment on the merits; and (3) if the Court grants

1

partial summary judgment to Plaintiff, how the Court should proceed on entering a final, appealable judgment given that at this time, Plaintiff has remaining claims before the Court."

As explained below, Plaintiff is entitled to declaratory relief, set aside of Defendants' unlawful action, and permanent injunctive relief, and the test for a permanent injunction applies to the Court's consideration of that last type of relief. Moreover, if the Court orders all relief requested by Plaintiff, it can enter a final, appealable judgment at that time.

## ARGUMENT

**I.    CREW is entitled to declaratory relief, set aside of Defendants' unlawful action, and permanent injunctive relief.**

**A.** CREW brought this case under 5 U.S.C. § 706(2), which provides that the reviewing court "shall … hold unlawful" agency actions that are "not in accordance with law." As CREW has explained, *see* ECF No. 9-1, at 12–18, Defendants' removal of the Public Apportionments Database and public access to apportionment information is not in accordance with the 2023 Act and the Paperwork Reduction Act. Accordingly, the Court should issue declaratory relief holding that action unlawful.

This case easily meets the two criteria "ordinarily relied upon" in the D.C. Circuit in determining whether to grant declaratory relief: "1) whether the judgment will serve a useful purpose in clarifying the legal relations at issue, or 2) whether the judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *New York v. Biden*, 636 F. Supp. 3d 1, 31 (D.D.C. 2022) (quoting *Glenn v. Thomas Fortune Fay*, 222 F. Supp. 3d 31, 35 (D.D.C. 2016)). Here, declaratory relief will clarify that Defendants are required to comply with the disclosure requirements of the 2023 Act and make apportionment information accessible to CREW and other interested members of the public as provided by the Act. And it

2

will resolve the controversy at the heart of this case: whether Defendants are required to comply with the Act and make such information publicly accessible.

Moreover, this case presents none of the "considerations that may induce a court to deny declaratory relief." 10B Fed. Prac. & Proc. Civ. (Wright & Miller) § 2759 (4th ed.); *see Hanes Corp. v. Millard*, 531 F.2d 585, 592 n.4 (D.C. Cir. 1976); *New York*, 636 F. Supp. 3d at 31. It will not lead to piecemeal litigation. There are no other pending proceedings that will resolve the controversy between Defendants and CREW. The forum is convenient for the parties. CREW has not engaged in procedural fencing or inequitable conduct. The record is sufficient to resolve the dispute. And the parties are adverse. For all these reasons, declaratory relief is appropriate here.

**B.** This Court should also order Defendants to restore the Public Apportionments Database and the apportionment information within it. 5 U.S.C. § 706(2) provides that the reviewing court "shall … set aside agency action" that is "not in accordance with law." Pursuant to this provision, the "ordinary practice is to vacate unlawful agency action." *United Steel v. Mine Safety & Health Admin.*, 925 F.3d 1279, 1287 (D.C. Cir. 2019). The unlawful agency action here was the removal of the Public Apportionments Database and the cutting off of public access to the apportionment information. "[S]et[ting] aside" that unlawful agency action means restoring the database and making the apportionment information publicly available. And although in "rare instances" courts will remand without vacatur, that remedy is inappropriate here, because setting aside the action would not be disruptive and because the problem is not that Defendants failed to sufficiently justify their action, but that their action violates the law. *Id*.

**C.** Finally, the Court should enter a permanent injunction requiring Defendants to continue making publicly available the apportionment information required to be disclosed by the Consolidated Appropriations Act, 2022 (2022 Act) and the 2023 Act, and prohibiting Defendants

3

from removing the Public Apportionments database and the apportionment information from a publicly accessible website without statutory authorization. This case easily satisfies the criteria for showing entitlement to permanent injunctive relief: CREW has demonstrated "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)); *see also Anatol Zukerman & Charles Krause Reporting, LLC v. United States Postal Serv.*, 64 F.4th 1354, 1364 (D.C. Cir. 2023) ("When the defendant is the government, factors (3) and (4) merge.").

As CREW explained in the memorandum in support of its motion, ECF No. 9-1, at 18–21, it is suffering irreparable harm that it will continue to suffer without the requested relief. CREW's ability to monitor apportionments in a timely manner is essential to its mission to promote government transparency and accountability and to disseminate information about government activity to the public. *See* Decl. of Christina L. Wentworth, ECF No. 9-3, ¶ 9. Because the apportionment information is not available on any other government website, without timely access to apportionment information through the Public Apportionments Database, CREW is unable to monitor apportionments and satisfy its mission to inform the public about matters of significant public interest and importance. *See id*. ¶¶ 9, 26–27. If Defendants are not ordered to make publicly available the apportionment information required to be disclosed by the 2022 and 2023 Acts—and are not enjoined from removing that information—this harm will continue. And the harm cannot be redressed by remedies available at law, such as monetary damages. Such damages will not provide CREW with the apportionment information to which it is statutorily

entitled or enable it to educate the public about the government's apportionment activities. Thus, the first two factors of the permanent injunction test support permanent injunctive relief.

The third and fourth factors also weigh in favor of the requested relief. In contrast to the harm that CREW will suffer absent the requested relief, Defendants will not suffer any harm if required to maintain the Public Apportionments Database and make publicly available the apportionment information required to be disclosed by the 2022 and 2023 Acts. The government "cannot suffer harm from an injunction that merely ends an unlawful practice." *Open Cmtys. Alliance v. Carson*, 286 F. Supp. 3d 148, 179 (D.D.C. 2017) (citation omitted). Moreover, rather than disserving the public interest, requiring Defendants to maintain the database and post the apportionment information will significantly serve the public interest. It will provide transparency into government funding decisions, allowing the public and Congress to hold the government accountable for potential misuses of taxpayer funds. And "there is a substantial public interest in having governmental agencies abide by the federal laws that govern their existence and operations." *League of Women Voters of United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016) (internal quotation marks and citation omitted).

**II.     The Court can enter a final, appealable judgment in favor of CREW.**

If the Court awards CREW all of its requested relief, it can enter a final judgment without addressing CREW's allegations that Defendants' actions are arbitrary and capricious. "[W]hen a plaintiff receives all relief requested based on other considerations, there is no need to reach additional issues." *Nat'l Ass'n of Waterfront Emps. v. Solis*, 665 F. Supp. 2d 10, 19 (D.D.C. 2009); *see, e.g.*, *Perkins Coie LLP v. U.S. Dep't of Just.*, __ F. Supp. 3d __, 2025 WL 1276857, at *4 n.5 (D.D.C. May 2, 2025) ("Since resolution of plaintiff's claims alleging violations of the First, Fifth, and Sixth Amendments entitles plaintiff to summary judgment and the full relief sought in this case … the separation of powers claim asserted in Count I need not be considered."); *Burke v.*

5

*Coggins*, 521 F. Supp. 3d 31, 45 (D.D.C. 2021) (entering summary judgment without considering constitutional claims where plaintiffs "obtained complete relief through their APA claim"); *see also Ctr. for Biological Diversity v. Regan*, 729 F. Supp. 3d 37, 49–55 (D.D.C. 2024) (dismissing as "prudentially moot" alternative claims supporting the same relief granted).

Alternatively, if the Court grants an injunction but does not enter final judgment, that injunction will be appealable under 28 U.S.C. § 1292(a)(1).

Dated: June 9, 2025                                                  Respectfully submitted,

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum (DC Bar No. 490928)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
arosenbaum@citizen.org

Nikhel S. Sus (DC Bar No. 1017937)
Yoseph T. Desta (DC Bar No. 90002042)*
Citizens for Responsibility and Ethics in Washington
1331 F Street NW, Suite 900
Washington, DC 20004
Phone: (202) 408-5565
Fax: (202) 508-5020
nsus@citizensforethics.org
ydesta@citizensforethics.org

*admitted *pro hac vice*

*Counsel for Plaintiff*