IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | Case No. 1:25-cv-01051-EGS |

### DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF

### INTRODUCTION

CREW is not entitled to injunctive relief or summary judgment.[1] CREW has not identified a sufficiently particularized injury in accordance with Article III's standing requirements. Moreover, CREW is not entitled to enforce unconstitutional statutory provisions that require the Executive's disclosure of predecisional, deliberative apportionment documents. However, to the extent that the Court agrees with CREW, the Court should enter a final judgment that resolves all claims and affords Defendants an opportunity to immediately appeal. Defendants maintain that the statutory provisions at issue require the disclosure of privileged information. Accordingly, any final order should provide Defendants a reasonable opportunity to seek appellate resolution of the issues in this case, including a stay of any requirement that

---

[1] Defendants re-incorporate the arguments asserted in opposition to CREW's motion. *See* ECF Nos. 18, 22.

1

Defendants resume disclosure of apportionment documents pursuant to the 2022 and 2023 Continuing Appropriation Acts.

## ARGUMENT

I. **CREW Is Not Entitled To Any Relief In This Case.**

CREW asks this Court to declare unlawful OMB's decision to discontinue its operation of an unconstitutionally-mandated apportionment database. *See* ECF No. 28 at 2–3. CREW requests that the Court order Defendants to restore the apportionment database and permanently require Defendants to continue operating the database pursuant to the 2022 and 2023 Acts. *Id*. at 3–4. But, as an initial matter, CREW bears the burden of establishing that it has standing to sue. *Food and Drug Administration v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 378 (2024). CREW has failed to establish a concrete and particularized injury stemming from OMB's non-disclosure of apportionment documents. *See* ECF No. 18 at 10–15. Article III does not permit CREW's claim based on generalized harms that are common to all members of the public and absent a particularized injury stemming from the denial of specific, requested information. Nor has CREW suffered the type of harm Congress sought to prevent by requiring disclosure of apportionment documents. Disclosure was aimed at providing insights into government spending and enabling Congress to oversee the Executive Branch's apportionment of appropriated funds, not to enable an organization's mission as a watchdog. Because CREW lacks Article III standing, it is not entitled to any relief in this case.

In addition, CREW is not entitled to declaratory or injunctive relief because the apportionment documents are predecisional and deliberative. *Id*. at 15–22. Disclosure of apportionment documents not only forces the Executive to divulge its un-settled policy considerations, but also reveals its deliberations with subordinate agency officials to effectuate

desired agenda outcomes. *Id*. at 19–21. The Constitution prohibits such Congressional intrusion into the Executive's policy responsibilities. *Id*. at 17 (citing *Nixon v. Fitzgerald*, 457 U.S. 731, 750 (1982)); *see also Bowsher v. Synar*, 478 U.S. 714, 722 (1986) ("The Constitution does not contemplate an active role for Congress in the supervision of officers charged with the execution of the laws it enacts.")). CREW is not entitled to enforce a statute that unconstitutionally calls for the mandatory and automatic disclosure of privileged information.

## II.     CREW Cannot Satisfy The Permanent Injunction Standard.

Plaintiffs seeking a mandatory injunction "face a significantly heightened burden" of showing an entitlement to relief. *Feng Wang v. Pompeo*, 354 F. Supp. 3d 13, 20 (D.D.C. 2018). To obtain a permanent injunction, the plaintiff must show "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto et al. v. Green Seed Farms et al.,* 561 U.S. 139, 157–58 (2010) (quoting *eBay Inc. v. MercExchange, L.L.C*., 547 U.S. 388 (2006)). "[T]he balance of equities and consideration of the public interest—are pertinent in assessing the propriety of any injunctive relief, preliminary or permanent." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 32 (2008). CREW cannot satisfy this standard.

CREW's generalized claims regarding the public's interest in Defendants' restoration of the apportionment database do not support a finding of harm to CREW and cannot form the basis for irreparable harm. *See* ECF No. 18 at 23–24. Moreover, CREW has not demonstrated that access to apportionment documents—which Defendants maintain are privileged—is indispensable to its core mission and that impaired access prevents it from fulfilling its

organizational goals. *Id*. at 24–25.  CREW's failure to identify irreparable injury, distinct from the alleged generalized harm to the public, is dispositive.

The third and fourth factors of the analysis—harm to others and the public interest—"merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). This balance squarely tips in Defendants' favor because any injunctive relief in this case would require unconstitutional infringement upon Executive power.  *See NAACP v. U.S. Department of Educ.*, No. 25-CV-1120 (DLF), 2025 WL 1196212, at *7 (D.D.C. Apr. 24, 2025) ("[E]nforcement of an unconstitutional law is always contrary to the public interest." (citation omitted)).  An order requiring Defendants to re-instate the apportionment database and disclose predecisional and deliberative information would significantly and improperly impede Executive power by interfering with the President's constitutional authority over the implementation of appropriations and his discretion in executing the laws.  The equities tip in Defendants' favor and a permanent injunction is, therefore, inappropriate.

### III.     To The Extent The Court Grants CREW's Motion, Any Relief Should Afford Defendants The Right To Immediate Appeal.

CREW's submission crystalizes its requests for relief for the first time.  CREW seeks an order requiring OMB to (1) retroactively publish all apportionment documents pursuant to the 2022 and 2023 Acts, and (2) permanently resume public disclosure of apportionment documents. ECF No. 28 at 2–3.  CREW contends that an order to this effect would resolve *all* claims in this case, including those claims not part of its motion.  *Id*. at 3.

Resolution of CREW's request turns on whether Defendants' decision to discontinue the apportionment database should be set aside under the APA.  Defendants argue that the 2022 and 2023 Acts unconstitutionally infringe upon Executive power, and that CREW is not entitled to enforce those unconstitutional statutory provisions.  CREW's motion should, therefore, be

4

denied. To the extent the Court is inclined to grant CREW's requested relief, however, vacatur of Defendants' actions is not available under the APA. *See United States v. Texas*, 599 U.S. 670, 692-93 (2023) (Gorsuch, J. concurring). The only avenue available under the APA would be an order setting aside Defendants' decision (which the Court should not do). Because CREW has conceded that such an order would resolve all its claims, any order entered by the Court should moot the remaining arbitrary and capricious claim (Count I). *See* ECF No. 28 at 5. In addition, such an order should be final and immediately appealable.

If the Court is inclined to rule in CREW's favor, despite Defendants' arguments that such a ruling would impair Executive power and cause significant harm to the public, a final order should be accompanied by a stay. In considering a stay pending appeal, the Court must examine "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 426. Each of the factors strongly counsels in favor of a prompt stay in this case.

As discussed in the briefing and emphasized above, Defendants have made a strong showing that they are likely to succeed on the arguments that CREW lacks standing and that the 2022 and 2023 Act are unconstitutional because they require the disclosure of privileged apportionment documents. Absent a stay, Defendants face significant harm: Defendants would be forced to disclose deliberative information pursuant to unconstitutional statutory provisions that constitute Congressional intrusion into Executive functions. The harm from an adverse ruling would be exacerbated pending any appeal to the D.C. Circuit and the Supreme Court, particularly if the appellate court agrees with Defendants that the 2022 and 2023 Acts are

unconstitutional. Accordingly, any final order in CREW's favor should ensure that Defendants are not required to divulge privileged information pending appellate resolution of an important constitutional issue. At a minimum, any relief in CREW's favor should be stayed for a period of fourteen days to allow the Solicitor General to determine whether to appeal and seek a stay pending appeal.

## CONCLUSION

For all the reasons stated above and in Defendants' substantive briefing, the Court should deny CREW's motion for a permanent injunction. If the Court disagrees, it should ensure that any ruling is a final and appealable order, and that such order is stayed pending an opportunity to seek appeal.

Dated: June 16, 2025

                                          Respectfully submitted,

                                        BRETT A. SHUMATE
                                        Assistant Attorney General
                                        Civil Division

                                        ELIZABETH J. SHAPIRO
                                        Deputy Branch Director

                                        */s/ Heidy L. Gonzalez*
                                        HEIDY L. GONZALEZ
                                        (FL Bar #1025003)
                                        CARMEN M. BANERJEE
                                        (D.C. Bar #497678)
                                        Trial Attorneys
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street NW
                                        Washington, DC 20530
                                        Tel: (202) 598-7409
                                        Email: heidy.gonzalez@usdoj.gov

                                        *Attorneys for Defendants*