UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 25-cv-1051<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE
TO PLAINTIFF'S SUPPLEMENTAL BRIEF**

In its supplemental brief, Plaintiff Citizens for Responsibility and Ethics in Washington (CREW) explained that it is entitled to declaratory relief, set aside of Defendants' unlawful action, and permanent injunctive relief. It further explained that, if the Court awards CREW all its requested relief, the Court can enter an appealable final judgment.

In response, Defendants contend that they should win on the merits and that CREW is not entitled to permanent injunctive relief. Defendants' arguments on these points are meritless, and its argument that it is entitled to a stay of any relief awarded to CREW is premature.

**A.** Defendants devote a significant portion of their response to arguing that they should win on the merits. Specifically, they argue that CREW lacks standing and that OMB does not have to comply with the statutory requirement that it post apportionment information on a publicly accessible website because that information is predecisional and deliberative. CREW addressed these arguments in detail in its memorandum in support of its motion for a preliminary injunction and partial summary judgment, *see* ECF No. 9-1, at 12–18, and in its reply in support thereof, *see*

1

ECF No. 21, at 2–12. As CREW explained, it has suffered (and is suffering) a concrete and particularized injury by being denied access to the apportionment information, which is statutorily required to be publicly disclosed. *See* ECF No. 21, at 2–7. And the apportionment documents—which reflect final, legally binding decisions approved by OMB—are neither predecisional nor deliberative. *See id*. at 10–11; ECF No. 9-1, at 13–14. Defendants' supplemental brief offers no new points in response.

**B.** CREW's supplemental brief explained that, along with declaratory relief and an order setting aside Defendants' unlawful action, CREW is entitled to permanent injunctive relief requiring Defendants to make publicly available the apportionment information required to be disclosed by the 2022 and 2023 Consolidated Appropriations Acts and enjoining Defendants from removing the Public Apportionments Database and the apportionment information from a publicly available website without statutory authorization. *See* ECF No. 28, at 2–5. In response, Defendants argue that CREW is not entitled to permanent injunctive relief because it has not shown irreparable injury and the balance of the equities tips in Defendants' favor. Defendants' arguments are unavailing.

With respect to irreparable injury, CREW has not, as Defendants contend, made "generalized claims regarding the public's interest" in the apportionment information. ECF No. 29, at 3. Rather, CREW has demonstrated that timely access to the information is critical to its work monitoring, analyzing, and informing the public about issues relating to federal government spending and impoundments, and that denial of its right to access the information keeps it from being able to fulfill its mission of informing the public about key government activities. *See* ECF No. 9-3 (Decl. of Christina L. Wentworth), ¶¶ 7–9; ECF No. 9-1, at 18–21; ECF No. 21, at 13–15; ECF No. 28, at 4–5.

Likewise, CREW has shown that the balance of the equities weighs strongly in its favor, because Defendants will suffer no cognizable harm from being required to abide by the law and publicly post apportionment information and because posting that information will greatly benefit the American people. *See* ECF No. 9-1, at 21–25; ECF No. 21, at 15–16; ECF No. 28, at 5. Defendants' argument to the contrary—that injunctive relief "would require unconstitutional infringement upon Executive power," ECF No. 29, at 4—rehashes their arguments on the merits, which are wrong for the reasons discussed in CREW's memorandum and reply in support of its motion for a preliminary injunction and partial summary judgment, *see* ECF No. 9-1, at 12–16; ECF No. 21, at 7–11, and which this Court will presumably have rejected if it awards relief to CREW. Indeed, Defendants' assertion that permanent injunctive relief would interfere with the President's "discretion in executing the laws," ECF No. 29, at 4, only underscores the need for permanent injunctive relief, because Defendants have no discretion to disregard the statutory posting requirements.

**C.** In its supplemental brief, CREW explained that, if this Court orders all of CREW's requested relief, it can enter a final, appealable judgment without considering CREW's allegations that Defendants' action was arbitrary and capricious. *See* ECF No. 28, at 5–6. Defendants agree. *See* ECF No. 29, at 5. Defendants err, however, in stating that "CREW has conceded that" "an order setting aside Defendants' decision" would "resolve all its claims." *Id*. Without injunctive relief, CREW will not have obtained all the relief it requested. Therefore, an order that does not award injunctive relief would not support entry of a final judgment without consideration of CREW's claim that Defendants' action was arbitrary and capricious.[1]

---

[1] Defendants also err in stating that vacatur of Defendants' unlawful action is not available under the Administrative Procedure Act (APA). ECF No. 29, at 5. "[F]ederal courts have long understood [the APA] to authorize vacatur of unlawful agency rules." *Corner Post, Inc. v. Bd. of*

3

**D.** Finally, Defendants' contention that any relief afforded CREW should be stayed is premature. This Court has not yet awarded any relief. "If Defendants, after reviewing [the Court's] opinion and its accompanying order, believe that a stay pending appeal is warranted, they may make a request consistent with Federal Rule of Appellate Procedure 8." *Nat'l Council of Nonprofits v. OMB*, __ F. Supp. 3d __, 2025 WL 597959, at *19 n.14 (D.D.C. Feb. 25, 2025). CREW would not oppose a very brief administrative stay, after relief in its favor is granted, to allow the parties to brief and the Court to decide a properly filed motion for a stay pending appeal.

Dated: June 18, 2025

Respectfully submitted,

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum (DC Bar No. 490928)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
arosenbaum@citizen.org

Nikhel S. Sus (DC Bar No. 1017937)
Yoseph T. Desta (DC Bar No. 90002042)*
Citizens for Responsibility and Ethics in Washington
1331 F Street NW, Suite 900
Washington, DC 20004
Phone: (202) 408-5565
Fax: (202) 508-5020
nsus@citizensforethics.org
ydesta@citizensforethics.org

*admitted *pro hac vice*

*Counsel for Plaintiff*

---

*Governors of Fed. Rsrv. Sys.*, 603 U.S. 799, 826 (2024) (Kavanaugh, J., concurring); *see, e.g.*, *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 9 (2020) (holding that the challenged agency action must be vacated where it violated the APA).