**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF MANAGEMENT AND BUDGET, et al.,<br><br>Defendants. | Civil Action No. 25-cv-1051 |

**PLAINTIFF'S MOTION TO ENFORCE COURT ORDER**

Federal law requires the Office of Management and Budget (OMB) to post "each document apportioning an appropriation" in a publicly accessible database (the Public Apportionments Database). 31 U.S.C. § 1513 note. This requirement provides transparency into the apportionment process, allowing Congress and the public to understand how the government is allocating taxpayer money. Despite the statutory requirement to post apportionment documents, in March 2025, OMB took down the Public Apportionments Database and stopped making those documents publicly available. Plaintiff Citizens for Responsibility and Ethics in Washington (CREW) filed this case against OMB and its Director (collectively, OMB), and, on July 21, 2025, this Court held that OMB's removal of the database was illegal and ordered OMB to restore the database and to make publicly available the information required to be disclosed. *See* ECF Nos. 32 & 33.

Since this Court's July 21, 2025, order, OMB has restored the Public Apportionments Database to its website. However, the post-March 2025 postings to the database do not include—and OMB is not otherwise making publicly available—each "document apportioning an appropriation," as the law requires. Instead, OMB is using documents referred to as "spend plans"

or "spending plans" (collectively, "spend plans") to circumvent the statutory transparency requirements. In particular, in legally binding footnotes in the documents in the database, OMB is often stating that funds will be available to the agencies for obligation as set forth in spend plans. But OMB is not including those spend plans, or a copy of their contents, in the database or the documents therein. Because OMB is setting forth the terms through which funds will be available through the spend plans whose contents are incorporated by reference in the legally binding footnotes, the spend plans are documents "apportioning an appropriation," and OMB is required by law—and by this Court's July 21, 2025, order—to post them on a publicly accessible website.

This Court should enforce its July 21, 2025, order by requiring OMB to post these incorporated-by-reference spend plans, including revised versions of the plans, in the Public Apportionments Database.[1]

## BACKGROUND

**A.** As this Court has explained, *see* ECF No. 33, at 6, under the Anti-Deficiency Act, once Congress appropriates funds, the President must "apportion [the funds] in writing," 31 U.S.C. § 1513(b)(1). That is, the President must allocate the funds to agencies according to time, activity or project, or a combination of the two. *Id.* § 1512(b)(1). Federal officials "may not make or authorize an expenditure or obligation" that exceeds an apportionment. *Id.* § 1517(a)(1). A federal official who does so can be subject to administrative discipline or criminal penalties. *Id.* §§ 1518–19. The President has delegated the authority to apportion appropriations to OMB. *See* Exec. Order No. 6,166 (June 10, 1933), *as amended by* Exec. Order No. 12,608, 52 Fed. Reg. 34617 (Sept. 9, 1987).

[1] Counsel for CREW has conferred in good faith with counsel for OMB about this motion. OMB opposes CREW's request for relief.

Knowing how OMB is apportioning funds is critical to understanding how the executive branch is spending taxpayer money and whether it is complying with the laws governing the apportionment process. To provide transparency into OMB's apportionments, in the Consolidated Appropriations Act, 2022 (2022 Act), Congress required OMB to implement "an automated system to post each document apportioning an appropriation … including any associated footnotes, in a format that qualifies each such document as an Open Government Data Asset (as defined in section 3502 of title 44, United States Code), not later than 2 business days after the date of approval of such apportionment." Pub. L. No. 117-103, div. E, tit. II, § 204(b), 136 Stat. 49, 257 (Mar. 15, 2022) (codified at 31 U.S.C. § 1513 note). The following fiscal year, in the Consolidated Appropriations Act, 2023 (2023 Act), Congress made the transparency requirements in the 2022 Act permanent. *See* Pub. L. No. 117-328, div. E, tit. II, § 204(1), 136 Stat. 4459, 4667 (Dec. 29, 2022) (codified at 31 U.S.C. § 1513 note).

OMB implemented the transparency requirements of the 2022 and 2023 Acts by creating, maintaining, and posting documents to the Public Apportionments Database at https://apportionment-public.max.gov/, a publicly accessible website. *See* ECF No. 33, at 9.

**B.** In late March 2025, OMB stopped complying with the transparency requirements and abruptly removed the Public Apportionments Database from its website. *See* ECF No. 33, at 10. CREW filed this case on April 8, 2025, alleging that the removal of the database violated the 2022 and 2023 Acts, as well as the Paperwork Reduction Act (PRA). ECF No. 1. On July 21, 2025, this Court granted summary judgment to CREW on its claims that the removal of the database violated the 2022 and 2023 Acts and the PRA's requirement to provide the public with timely access to public information. ECF No. 33. The Court entered an order providing, among other things, that it is

> **ORDERED** that Defendants shall restore the Public Apportionments Database and make publicly available the apportionment information required to be disclosed by the 2022 and 2023 Acts, including the apportionment information from the time the database was taken offline on or about March 24, 2025, through the time the database is restored; and it is further
>
> **ORDERED** that Defendants are **PERMANENTLY ENJOINED** from removing the Public Apportionments Database or otherwise ceasing to post apportionment information on a publicly available website in the time and manner required by the 2022 and 2023 Acts without statutory authorization[.]

ECF No. 32.

Defendants appealed and moved this Court for a stay pending appeal. This Court denied the motion, explaining that it would "not be complicit in further delaying Plaintiff and the public of information they are entitled to know as a matter of federal law!!" July 23, 2025, Minute Order. Defendants also moved for a stay pending appeal in the court of appeals, which likewise denied the motion. *See* Order, *CREW v. OMB*, No. 25-5266 (D.C. Cir. Aug. 9, 2025).

**C.** On August 15, OMB restored the Public Apportionments Database to its website and, over the following days, added apportionment information from the time the database was taken offline through the time the database was restored. Supp. Wentworth Decl. ¶ 2. In reviewing the apportionment information that OMB has placed in the Public Apportionments Database, however, CREW discovered that OMB still is not disclosing all documents apportioning an appropriation, as required by the 2022 and 2023 Acts.

Rather, for many apportionments, OMB is stating in legally binding footnotes that the funds "are available for obligation consistent with the latest agreed-upon spend plan" between the agency and OMB, or using similar language that makes the funds available according to the terms of spend plans. Supp. Wentworth Decl. ¶ 4 & n.3. Yet OMB is not including the spend plans in the Public Apportionments Database. *Id.* ¶ 8.

Moreover, many of the footnotes provide that apportionments will change as the spend plans change. In particular, many of the footnotes provide instructions for revising spend plans and state that, if OMB agrees to the revision, "the latest agreed-upon spend plan shall include" that revision. *Id.* ¶ 4(c) & n.6. Some of the footnotes provide that, upon OMB's agreement to a revision to a spend plan, certain funds "shall be automatically re-apportioned." *Id.* ¶ 4(b) & n.5. Thus, changes to how funds are to be available for obligation—that is, to how they are being apportioned—are not necessarily documented in the Public Apportionments Database.

Overall, at least 131 of the 2,245 apportionment documents in the database that OMB approved between March 24, 2025, and September 5, 2025, include a legally binding footnote that incorporates by reference the contents of an undisclosed spend plan. *Id.* ¶ 6. The practice is particularly prevalent for some agencies. For example, at least 44% of the posted documents apportioning funds for the Department of State from that time period incorporate the contents of spend plans by reference, as do at least 52% of the posted documents for the Department of the Interior. *Id.* ¶ 7. Because OMB is not making these incorporated-by-reference spend plans publicly available, CREW and other members of the public are unable to determine how much funding is available for obligation for different programs or purposes, and they are unable to monitor these documents for potential misuse of appropriated funds, violations of the Anti-Deficiency Act, or the improper withholding of appropriated funds under the Impoundment Control Act. *Id.* ¶ 11.

CREW and Protect Democracy Project—the plaintiff in a related case, *Protect Democracy Project v. U.S. OMB*, No. 25-1111 (D.D.C.)—contacted OMB's counsel on August 27 to raise the issue of the missing spend plans. In counsels' communications about the issue, OMB has made clear that it does not intend to post the incorporated-by-reference spend plans in the Public Apportionments Database.

## ARGUMENT

This Court's July 21, 2025, order requires OMB to "make publicly available the apportionment information required to be disclosed by the 2022 and 2023 Acts." ECF No. 32. The 2022 and 2023 Acts, in turn, require OMB to disclose "each document apportioning an appropriation … including any associated footnotes." 31 U.S.C. § 1513 note. Thus, the Court's order requires OMB to post "each document apportioning an appropriation."

The spend plans incorporated by reference in legally binding footnotes of documents posted in the Public Apportionments Database are "document[s] apportioning an appropriation." By incorporating the terms of the spend plans by reference in legally binding footnotes, OMB has made those terms legally binding on the agencies, and the agencies cannot obligate funds inconsistently with the spend plans without violating the Anti-Deficiency Act. When OMB "limits the obligations [an agency] may incur for specified time periods, programs, activities, projects, objects, or any combination thereof" such that "obligations and expenditures (disbursements) that exceed [the limits] are a violation of, and are subject to reporting under, the Antideficiency Act"—that is, when it sets forth the amount an agency can legally spend in different time periods or on different programs or activities—it is apportioning funds. OMB Circular A-11, § 120.1. Because the incorporated-by-reference spend plans contain legally binding limits on agencies' obligation of funds—that is, because they set forth how OMB is apportioning funds—they are "document[s] apportioning an appropriation" and must be included in the Public Apportionments Database.

Stated differently, by incorporating by reference the terms in spend plans in legally binding footnotes apportioning appropriations, OMB has made the terms of the spend plans part of the apportionments. Thus, to comply with the statutory transparency requirements, OMB must disclose the spend plans in the Public Apportionments Database.

That an apportionment footnote mentions a spend plan does not automatically require that plan to be posted in the Public Apportionments Database. For example, since the Public Apportionments Database was first established in 2022, many apportionments have contained legally binding footnotes providing that the availability of the apportioned funds is contingent on OMB's receipt of a spend plan from the agency. Under such footnotes, once an agency submits its spend plan to OMB, the apportioned funds are available for obligation regardless of what the spend plan provides or whether OMB "agrees" with the plan. Supp. Wentworth Decl. ¶ 9 & n.10. Because the *contents* of those spend plans are not made legally binding, those spend plans are not documents apportioning an appropriation and do not need to be included in the Public Apportionments Database.

In contrast, the apportionments at issue in this motion do not merely require agencies to submit spend plans to OMB; they provide that funds are available for obligation in accordance with the contents of the spend plans. Although OMB on occasion incorporated the contents of spend plans by reference in apportionment footnotes before March 2025, that practice was rare. *Id.* ¶ 10. It is now doing so much more frequently. *Id.* ¶¶ 4–7. And any failure by OMB to fully comply with the 2022 and 2023 Acts in the past does not excuse its current, far broader non-compliance.

The requirement that OMB post documents apportioning appropriations was intended to shine light on the apportionment process and enable Congress and the public to determine whether the Executive Branch is abusing the apportionment process by, for example, withholding appropriated funds from obligation. OMB's failure to post the incorporated-by-reference spend plans in the Public Apportionments Database impedes these goals, hiding the conditions OMB is placing on the obligation of funds from the public. OMB should not be permitted to evade the

transparency requirements imposed on it by Congress—and this Court's order requiring it to abide by those requirements—by including in the Public Apportionments Database documents providing that funds will be apportioned according to the terms of documents that OMB is *not* including in the database. The Court should enforce its order and require that OMB post the incorporated-by-reference spend plans in the Public Apportionments Database.

## CONCLUSION

For the foregoing reasons, this Court should order OMB to post in the Public Apportionments Database spend plans whose terms are incorporated by reference in legally binding apportionment documents.

Dated: September 19, 2025

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum (DC Bar No. 490928)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
arosenbaum@citizen.org

Nikhel S. Sus (DC Bar No. 1017937)
Yoseph T. Desta (DC Bar No. 90002042)*
Citizens for Responsibility and Ethics in Washington
1331 F Street NW, Suite 900
Washington, DC 20004
Phone: (202) 408-5565
Fax: (202) 508-5020
nsus@citizensforethics.org
ydesta@citizensforethics.org

*admitted *pro hac vice*

*Counsel for CREW*