# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:25-cv-01051-EGS |
| OFFICE OF MANAGEMENT AND BUDGET, et al., | ) ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| PROTECT DEMOCRACY PROJECT | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:25-cv-01111-EGS |
| OFFICE OF MANAGEMENT AND BUDGET, et al., | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' CONSOLIDATED OPPOSITION TO PLAINTIFFS' MOTION TO ENFORCE

**INTRODUCTION**

The Court should deny Plaintiffs' Motions to Enforce because Defendants have fully complied with the Court's permanent injunction.  Specifically, the Court's Order provides that "Defendants' action removing the Public Apportionments Database and public access to apportionment information as required by the 2022 and 2023 [Continuing Appropriation] Acts" is vacated and that "Defendants shall restore the Public Apportionments Database and make publicly available the apportionment information required to be disclosed by the 2022 and 2023 Acts."  *See* Order at 2.  As Plaintiffs recognize, Defendants have restored the Public Apportionments Database to the OMB website and have resumed posting apportionment documents.  *See* CREW's Mot. at 4; Prot. Dem. Mot. at 6.  Plaintiffs now ask—for the first time in this litigation—that the Court read the 2022 and 2023 Acts to require public disclosure of agency spend plans.  Plaintiffs' request fails for three reasons.

First, spend plans are not subject to disclosure under the 2022 and 2023 Acts because they are not "document[s] apportioning an appropriation."  Second, Plaintiffs improperly seek to expand the scope of the Court's injunction to require disclosure of spend plans that have never been publicly disclosed by Defendants under the 2022 and 2023 Acts.  Because Plaintiffs' novel theory is not within the purview of this case, Plaintiffs are required to file a separate action to assert these claims.  Third, spend plans have been referenced in apportionment documents and utilized in the apportionment process for decades, and Plaintiffs have, at all times, been on notice of OMB's reliance on spend plans as part of the apportionment process.  At all stages of this litigation, Plaintiffs failed to assert that spend plans were subject to disclosure under the 2022 and 2023 Acts.  Plaintiffs have thus waived this argument.

**ARGUMENT**

**I.    The 2022 And 2023 Acts Do Not Require Disclosure of Spend Plans.**

The 2022 and 2023 Continuing Appropriations Acts require OMB to "operate and maintain" an "automated system to post each document apportioning an appropriation . . . including any associated footnotes."  Pub. L. No. 117-103, div. E, tit. II, § 204(b), 136 Stat. 49,

257 (Mar. 15, 2022) (codified at 31 U.S.C. § 1513 note).  As this Court is aware, footnotes "appear as textual descriptions on specific tabs in the apportionment file, and typically provide additional information or direction associated with one or more lines on the request."  OMB Circular A-11 § 120.34.  "Footnotes are divided into two basic groups: footnotes for apportioned amounts (in the Application of Budgetary Resources section), and informational footnotes for budgetary resources."  *Id.*  Attachments, such as spend plans, are only legally binding and subject to the Anti-deficiency Act "if they are specifically referenced in a footnote in the OMB Action column of the Application of Budgetary Resources section of the apportionment."  *Id.* § 120.36.

Spend plans are issued by agencies to provide information about the allocation of agency resources.  *See* Suppl. Kelly Kinneen Decl. ¶ 9.  OMB may from time-to-time request that an agency provide a spend plan, which "is generally at a more granular level than an apportionment and thereby provides greater insight into how an agency intends to utilize its apportioned funds."  *Id.*  Spend plans provide information about "how the agency intends to spend their appropriated funds, including how much funding the agency needs to dedicate to particular programs and activities, furthering OMB's financial management and oversight responsibilities."  *Id.*

It is commonplace for footnotes to "provide additional restrictions on the use of funds, or [to] condition the availability of funds on further action by the agency, such as the submission of a spending plan, or on other future circumstances."  *Id.* ¶ 8.  However, those spend plans are not subject to the 2022 and 2023 Acts because they are not documents apportioning an appropriation.  *Id.* ¶ 10.  A footnote's reference to the spend plan "merely memorializes that the spending plan informed the manner in which the appropriation is apportioned."  *Id.*

OMB has historically used spend plans to inform apportionment decision-making.  For example, a July 2024 Department of Labor apportionment provides that "Apprenticeship funds may be obligated 15 days after the date of submission by the Department of Labor (DOL) to OMB of a spending plan for all apprenticeship investments."  *Id.* ¶ 11.  The apportionment explains that an "agency spend plan or other documentation is necessary to better understand

how the agency intends to obligate some or all of the apportioned funds." *Id*.  Similarly, a September 2025 apportionment requires that DOL submit a spend plan "to better understand how the agency intends to obligate some or all of the apportioned funds." *Id*.  The 2025 apportionment specifies that DOL's spend plan "shall include specific information on current and anticipated grants and contracts and a detailed description of how such spending plan aligns with Administration priorities" and that "[a]ny revisions or additions to such spending plan shall be proposed to OMB in writing no later than five business days before the anticipated obligation of funds based on such revisions or additions." *Id*.

Both the 2024 and 2025 footnotes yield the same result: receipt of information at an adequate level to inform the apportionment.  While the 2024 footnote makes funds available within a certain number of days after submission of a spend plan, the 2025 footnote makes funds available upon OMB's approval of an agreed upon spend plan.  When a footnote provides that funding will be made available within a certain number of days upon the receipt of a spend plan, it is implicit that OMB will be reviewing the spend plan during the intervening days.  If, upon review, OMB finds that the spend plan is insufficient to inform OMB's decision-making, OMB has the authority to immediately issue a new footnote requesting a new spend plan, again making the funding available a certain number of days after receipt.  A footnote making funds available upon OMB approval of a spend plan achieves the same outcome, that is OMB receives the information it needs to inform its apportionment.

Spend plans have never been understood to be part of the 2022 and 2023 Acts' disclosure provisions, including during the prior Administration.  "During fiscal years 2022, 2023, and 2024, OMB approved footnotes with the phrase 'spend plan' or 'spending plan' over 500 times." Suppl. Kinneen Decl. ¶ 12.  Upon enactment of the 2022 Act, "OMB began posting the apportionments within 48 hours of signing the apportionments, and providing a rationale for any footnotes included on those apportionments.  OMB did not post additional documents referenced in those footnotes, including spend plans, on the public website at that time, whether the document implicated the Antideficiency Act or not." *Id*. ¶ 13.  Congress did not voice any

objection to this implementation at the time and reenacted the apportionment disclosure requirement in the 2023 Act, without substantive change and without direction to change this practice. "OMB has continued to not post additional documents referenced in footnotes, including spend plans, since enactment of the Consolidated Appropriations Act, 2022, and has not otherwise proactively released such documents, as they routinely contain sensitive and pre-decisional information not intended for public dissemination." *Id*. ¶¶ 13-14.

In short, agency spend plans are not subject to disclosure under the 2022 and 2023 Acts because they are not documents that apportion appropriations. At most, spend plans contain information about the agency's allocation of resources, and OMB's utilization of those spend plans to make allocation decisions does not in and of itself transform the nature of the plans or make them subject to disclosure. Indeed, spend plans may "provide funding information at the program, project, and activity level that may include sensitive business information and other market-moving, non-public information," and as a result, those plans "often include predecisional information intended to inform OMB of projected costs, possible projects, or other forthcoming decisions that may educate the agencies' apportionment requests." Suppl. Kinneen Decl. ¶ 14. OMB's current treatment of spend plans thus conforms with its historical practice, including the practice of the previous Administration, which never included spend plans as part of the apportionment disclosures under the 2022 and 2023 Acts. *Id*. ¶ 13.

## II.    Plaintiffs Improperly Seek To Expand The Scope Of The Court's Order.

"In deciding a motion to enforce judgment, a district court has 'the authority to enforce the terms of its mandate.'" *WildEarth Guardians v. Bernhardt*, No. CV 16-1724 (RC), 2019 WL 3253685, at *3 (D.D.C. July 19, 2019) (alterations adopted) (quoting *Flaherty v. Pritzker*, 17 F. Supp. 3d 52, 55 (D.D.C. 2014)). The key questions is whether the plaintiffs "have received all relief required by the Court's earlier order." *Bernhardt*, 2019 WL 3253685, at *3 (cleaned up). If the plaintiffs have "received all relief required by that prior judgment, the motion to enforce is denied." *Flaherty v. Pritzker*, 17 F. Supp. 3d 52, 55 (D.D.C. 2014) (quoting *Heartland Hosp. v. Thompson,* 328 F. Supp. 2d 8, 11 (D.D.C.2004)). Under those circumstances, "the proper

avenue for plaintiffs' arguments is a new lawsuit." *The Fund for Animals v. Norton*, 390 F. Supp. 2d 12, 15 (D.D.C. 2005).

Here, the Court's permanent injunction declared that "Defendants' removal of the Public Apportionments Database and public access to apportionment information violates the 2022 and 2023 Acts and the PRA" and ordered that "Defendants shall restore the Public Apportionments Database and make publicly available the apportionment information required by the 2022 and 2023 Acts." Order at 2. In reaching that conclusion, the Court assessed and ruled on Defendants' March 2025 decision to remove apportionment documents and associated footnotes from its website. *See generally* Memorandum Opinion.

Once the Court's injunction went into effect, Defendants restored the Public Apportionments Database and resumed publication of apportionment documents and footnotes within 2 days. Because spend plans are not subject to the 2022 and 2023 Acts, *supra* part I, and because the Court's Order did not require OMB to diverge from its historical and legally supported practice of not publishing spend plans along with apportionments, OMB was not required to publish in the manner Plaintiffs suggest. OMB's publication of apportionment documents and footnotes in accordance with the 2022 and 2023 Acts affords Plaintiffs all the relief required by the Court's Order. To the extent Plaintiffs seek to challenge OMB's use of spend plans and to impose a new disclosure requirement, those requests are not within the purview of this litigation and would require the filing of new claims in a separate lawsuit.

III.    **Plaintiffs Waived Any Arguments With Respect To The Spend Plans.**

Plaintiffs have at all times been on notice of OMB's use of spend plans to inform apportionment decisions and OMB's practice of not publishing spend plans, a practice preexisting this administration.

CREW's Motion for a Preliminary Injunction recognized that "an apportionment footnote might condition the availability of funds on some subsequent OMB action, such as approving an agency's 'spend plan'; detail policy goals that should be achieved in a spend plan; or preclude an agency from obligating funds that were previously available to the agency to use." CREW's

Mot. for Prel. Injunc., ECF No. 9-1, at 4 (quoting Eloise Pasachoff, *Modernizing the Power of the Purse Statutes*, 92 Geo. Wash. L. Rev. 359, 370 (2024)).  Yet, CREW never raised the prospect that spend plans could (or should) be published in OMB's Public Apportionment Database.

OMB apportionment documents have referenced spend plans for at least the past 20 years, but the spend plans have never been viewed as being part of the apportionment itself.  Mr. Jacobson, counsel for Protect Democracy, appears to have agreed with this practice in his former position as OMB General Counsel.  A search of the former administration's apportionments shows that spend plans were never included on the Public Apportionment Database.  Suppl. Kinneen Decl. ¶ 13.  As previously noted, "[d]uring fiscal years 2022, 2023, and 2024, OMB approved over 9,000 apportionments containing A footnotes" and  "approved footnotes with the phrase 'spend plan' or 'spending plan' over 500 times.  *Id*. ¶ 12.  "During fiscal year 2025, OMB has approved over 2,700 apportionments containing A footnotes" and "approved footnotes with the phrase 'spend plan' or 'spending plan' over 450 times."  *Id*.

Plaintiffs claim for the first time in this litigation that OMB is required to publish spend plans in its Public Apportionment Database.  Plaintiffs' failure to raise this issue in their Complaint and during the substantive briefing constitutes waiver.  *See Ferreyra v. Fraternal Order of Police Legal Plan, Inc*., No. 09-1606, 2014 WL 2959015, at *6 n.5 (D.D.C. July 1, 2014) ("Because it was made for the first time in a reply brief, this argument is waived."); *Wannall v. Honeywell Int'l, Inc.*, 292 F.R.D. 26, 34 (D.D.C. 2013) ("As a result of the plaintiff's failure to raise this argument . . . in his opposition to the defendant's motion to strike, the plaintiff has waived this argument.").

Dated: October 20, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Heidy L. Gonzalez*
HEIDY L. GONZALEZ
(FL Bar #1025003)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel: (202) 598-7409
Email: heidy.gonzalez@usdoj.gov

*Attorneys for Defendants*