## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,** | |
| Plaintiff, | Case No. 1:25-cv-01051-EGS |
| v. | |
| **OFFICE OF MANAGEMENT AND BUDGET** *et al.*, | |
| Defendant. | |

### DECLARATION OF KELLY KINNEEN

I, Kelly Kinneen, make the following declaration based upon my personal knowledge, upon information provided in my official capacity, and upon conclusions I reached based on that knowledge or information:

1.  I am the Assistant Director for Budget of the Office of Management and Budget (OMB) in the Executive Office of the President, in Washington, D.C. I have served in this position since 2017, and have worked at OMB since 2006.

2.  I am the senior-most career official responsible for supporting the OMB Director in developing all aspects of the President's Budget. Additionally, I advise OMB leadership and Federal agencies on matters of execution relating to OMB's apportionment authority, 31 U.S.C. § 1512 et seq.

3.  In my previous declaration on April 30, 2025, I summarized the OMB's apportionment authority and described the nature of the interagency process by which appropriated funds are made available to agencies. In this declaration, I distinguish an apportionment from a spending plan.

4.  The President is required by law to apportion appropriations that are available for a definite period of time in a manner so as to prevent obligation or expenditure at a rate that would indicate a need for a deficiency or supplemental appropriation. 31 U.S.C. §

1

1512(a). The President is required by law to apportion appropriations that are available for an indefinite period of time to achieve the most effective and economical use. 31 U.S.C. § 1512(a). The President has delegated this apportionment authority to the OMB Director. Executive Order (E.O.) 6166, as amended by E.O. 12608.

5. OMB Circular A-11 is an OMB product that provides guidance on preparing the annual President's Budget and instructions on budget execution. It is typically updated each calendar year, with the releases generally occurring in the summer.

6. Section 120.15 of OMB Circular A-11 delineates various kinds of additional information that can be integrated into an apportionment request, including footnotes, additional tabs, and attachments. Per section 120.36 of OMB Circular A-11, footnotes and additional tabs and attachments are part of the apportionment, but they will only be legally binding and subject to the Antideficiency Act if they are specifically referenced in a footnote in the OMB Action column of the Application of Budgetary Resources section of the apportionment.

7. The 2020 and 2021 versions of section 120.36 contained a paragraph noting that, while not necessary, if an individual wanted to underscore that attachments to the apportionment not cited in the apportionment itself were not subject to the Antideficiency Act, then the individual had the discretion to state as such, with an example statement being: "This attachment is not subject to 31 U.S.C. 1517." This paragraph was removed in the 2022 version of OMB Circular A-11 and replaced with a paragraph noting that such statements are not necessary.

8. Section 120.34 of OMB Circular A-11 clarifies that footnotes appear as textual descriptions on specific tabs in an apportionment file and typically provide additional information or direction associated with one or more lines on the request. Footnotes are

2

divided into two basic groups: footnotes for apportioned amounts (in the Application of Budgetary Resources section), and informational footnotes for budgetary resources. OMB routinely includes informational or legally binding footnotes on apportionments. Footnotes give an agency additional information or instructions beyond the dollar amounts provided for a time period, project, or activity. Frequently, footnotes will provide additional restrictions on the use of funds, or will condition the availability of funds on further action by the agency, such as the submission of a spending plan, or on other future circumstances.

9. Spending plans are not specific to the apportionment process, and are not required by OMB's apportionment authority (31 U.S.C. §§ 1512-13). Spending plans are developed by agencies and serve the purpose of informing the allocation of resources for such agencies. Congress itself often requires agencies to submit spending plans to receive information on how agencies intend to spend appropriated funds. For the purposes of OMB's exercise of its apportionment authority, as a matter of best practices for ensuring appropriated funds are being spent in accordance with the law and Administration policy, OMB may request for an agency to provide OMB with a spending plan. The spending plan is generally at a more granular level than an apportionment and thereby provides greater insight into how an agency intends to utilize its apportioned funds. Thus, spending plan footnotes assist in gathering information from agencies pertaining to how the agency intends to spend their appropriated funds, including how much funding the agency needs to dedicate to particular programs and activities, furthering OMB's financial management and oversight responsibilities.

10. To the extent an apportionment is approved with a footnote that references an agency's spending plan, the spending plan is not the "document apportioning an appropriation".

3

The spending plan does not, itself, apportion funds and make them available for obligation. Rather, the apportionment reflecting amounts on certain lines (e.g., category A, category B) with particular conditions is the "document apportioning an appropriation." The reference to the spending plan may often merely memorialize that the spending plan informed the manner in which the appropriation is apportioned. A footnote referencing a spending plan is part of the apportionment and is legally binding and subject to the Antideficiency Act if it is specifically referenced in the OMB Action column of the Application of Budgetary Resources section of the apportionment. Even if a footnote referencing a spending plan is not legally binding, agencies are generally expected to adhere to the spending plan to ensure that the apportioned funds are obligated and expended in a manner consistent with the apportionment.

11.    OMB has always used spend plans as a means to obtain information to inform apportionment decisions. (Compare, for Department of Labor's "Training and Employment Services" apportionment, "Apprenticeship funds may be obligated 15 days after the date of submission by the U.S. Department of Labor to OMB of a spending plan for all apprenticeship investments [Rationale: An agency spend plan or other documentation is necessary to better understand how the agency intends to obligate some or all of the apportioned funds.]", https://openomb.org/file/11349526, with "Amounts apportioned, but not yet obligated as of the date of this apportionment, on this line are available for obligation consistent with the latest agreed-upon spending plan for Fiscal Year 2025 between the Department of Labor (DOL) and the Office of Management and Budget (OMB). Such spending plan submitted by DOL shall include specific information on current and anticipated grants and contracts and a detailed description of how such spending plan aligns with Administration priorities. Any

4

revisions or additions to such spending plan shall be proposed to OMB in writing no later than five business days before the anticipated obligation of funds based on such revisions or additions. If OMB agrees to such revision or addition, OMB will notify DOL in writing, and the latest agreed-upon spend plan shall comprise such revision or addition. [Rationale: An agency spend plan or other documentation is necessary to better understand how the agency intends to obligate some or all of the apportioned funds.]", https://openomb.org/file/11468495).

12.    During fiscal years 2022, 2023, and 2024, OMB approved over 9,000 apportionments containing A footnotes. During fiscal years 2022, 2023, and 2024, OMB approved footnotes with the phrase "spend plan" or "spending plan" over 500 times. During fiscal year 2025, OMB has approved over 2,700 apportionments containing A footnotes. During fiscal year 2025, OMB approved footnotes with the phrase "spend plan" or "spending plan" over 450 times.

13.    Upon enactment of the Consolidated Appropriations Act, 2022, OMB began posting the apportionments within 48 hours of signing the apportionments, and providing a rationale for any footnotes included on those apportionments. OMB did not post additional documents referenced in those footnotes, including spend plans, on the public website at that time, whether the document implicated the Antideficiency Act or not. OMB has continued to not post additional documents referenced in footnotes, including spend plans, since enactment of the Consolidated Appropriations Act, 2022, and has not otherwise proactively released such documents, as they routinely contain sensitive and pre-decisional information not intended for public dissemination.

14.    Spending plans routinely contain sensitive and pre-decisional information not intended for public dissemination. Agencies often prepare spending plans that provide funding

5

information at the program, project, and activity level that may include sensitive business information and other market-moving, non-public information. At the beginning of a fiscal year or following newly-enactment of appropriations, spending plans often include predecisional information intended to inform OMB of projected costs, possible projects, or other forthcoming decisions that may educate the agencies' apportionment requests. Such spending plans are often not subject to public disclosure for this reason.

## CONCLUSION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Washington, D.C., on the 20th day of October, 2025.

Kelly Kinneen