UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 25-cv-1051 |
| OFFICE OF MANAGEMENT AND BUDGET, et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE COURT ORDER**

This Court's July 21, 2025, order required defendants Office of Management and Budget and its Director (collectively, OMB) to "restore the Public Apportionments Database" and to "make publicly available the apportionment information required to be disclosed by the" Consolidated Appropriations Act, 2022 (2022 Act) and Consolidated Appropriations Act, 2023 (2023 Act). ECF No. 32. However, although OMB subsequently put the Public Apportionments Database back online, it is not making publicly available all the apportionment information required to be disclosed by the 2022 and 2023 Acts. Rather, as explained in the motion to enforce of plaintiff Citizens for Responsibility and Ethics in Washington (CREW), ECF No. 39, OMB is using documents called "spend plans" or "spending plans" (hereafter, "spend plans") to circumvent the 2022 and 2023 Acts' transparency requirements, providing, in legally binding footnotes in documents in the Database, that funds will be available for obligation as set forth in spend plans, but keeping the terms of those spend plans secret.

By incorporating the terms of spend plans by reference in legally binding footnotes, OMB has made those terms legally binding. And because the incorporated-by-reference spend plans

1

contain legally binding limits on agencies' obligation of funds, they are "documents apportioning an appropriation." 31 U.S.C. § 1513 note. Accordingly, under the 2022 and 2023 Acts—and this Court's July 21, 2025, order—OMB must make the incorporated-by-reference spend plans publicly available.

OMB's opposition to CREW's motion to enforce contains three related arguments, all of which fail.

**I.** OMB first argues that the 2022 and 2023 Acts do not require disclosure of the spend plans. According to OMB, the references to spend plans in the legally binding footnotes "merely memorialize[] that the spending plan informed the manner in which the appropriation is apportioned," ECF No. 44 at 3 (quoting ECF No. 44-1, Supp. Kinneen Decl. ¶ 10), and OMB's use of "spend plans to make allocation decisions does not in and of itself transform the nature of the plans or make them subject to disclosure," *id*. at 5. But although some references to spend plans in apportionment footnotes may reflect only that the spend plans informed OMB's apportionment decisions, that is *not* the case with respect to the spend plans at issue in CREW's motion to enforce. OMB is not just using those spend plans to inform its apportionment of funds. It is incorporating the contents of the spend plans by reference into legally binding apportionment documents, making appropriated funds available according to the terms of the spend plans. Stated differently, OMB is not just looking at the spend plans and then making decisions about how to apportion appropriated funds. The spend plans contain the terms of the decision.

The examples of references to spend plans cited by OMB in its opposition illustrate the differences between OMB's incorporation of the contents of spend plans by reference in apportionment documents and OMB's reference to spend plans in such documents without incorporating their contents by reference. *See* ECF No. 44 at 3–4. In the July 2024 Department of

Labor (DOL) apportionment discussed by OMB in its response, OMB stated, in a legally binding footnote, that "Apprenticeship funds may be obligated 15 days after the date of submission by the U.S. Department of Labor to OMB of a spending plan for all apprenticeship investments." ECF No. 44-1, Supp. Kinneen Decl. ¶ 11. Under this language, the apportioned funds became available for obligation after DOL submitted the spend plan to OMB—regardless of whether OMB "agreed" with the plan—and the contents of the spend plan did not legally bind the agency.

By contrast, in the September 2025 DOL apportionment cited by OMB, OMB stated, in a legally binding footnote, that amounts apportioned "are available for obligation consistent with the latest agreed-upon spending plan" between DOL and OMB. *Id*. Contrary to OMB's assertion, this language does not "yield the same result" as the 2024 footnote. ECF No. 44 at 4. Rather, because OMB incorporated by reference the terms of this undisclosed spend plan, DOL cannot obligate funds inconsistent with the spend plan without violating the Anti-Deficiency Act (ADA). And because the "latest agreed-upon" spend plan includes any revisions or additions agreed to by OMB, any changes to the spend plan agreed to by OMB similarly constitute limits that bind DOL under the ADA.

Importantly, although OMB claims that the spend plans merely inform its apportionment decisions, OMB does not refute that its incorporation by reference of the terms of spend plans in legally binding apportionment footnotes makes the terms of those spend plans legally binding. Indeed, OMB concedes that "[a]ttachments, such as spend plans, are … legally binding and subject to the Anti-deficiency Act 'if they are specifically referenced in a footnote in the OMB Action column of the Application of Budgetary Resources section of the apportionment.'" *Id*. at 3 (quoting OMB Circular A-11 § 120.36). The spend plans at issue here are specifically referenced in such footnotes. And OMB provides no reason why documents containing legally binding limits on

3

agencies' obligations of funds are not "document[s] apportioning an appropriation," 31 U.S.C. § 1513 note, and thus required to be made publicly available by the 2022 and 2023 Acts.

Instead, OMB attempts to rely on its historical practice, stating that, "[d]uring fiscal years 2022, 2023, and 2024, OMB approved footnotes with the phrase 'spend plan' or 'spending plan' over 500 times," ECF No. 44 at 4 (quoting ECF No. 44-1, Supp. Kinneen Decl. ¶ 12), and it "never included spend plans as part of the apportionment disclosures under the 2022 and 2023 Acts," *id*. at 5. As CREW explained in its motion to enforce, however, although many apportionment footnotes in past years mentioned spend plans—stating, for example, like the 2024 DOL apportionment discussed above, that the availability of the apportioned funds was contingent on OMB's receipt of a spend plan—very few incorporated the *contents* of spend plans by reference, thereby making the terms of the spend plans legally binding. *See* ECF No. 39 at 7; ECF No. 39-1, Supp. Wentworth Decl. ¶¶ 9-10. And any failure on OMB's part to fully comply with the 2022 and 2023 Acts in the past does not excuse the broad noncompliance reflected in the current Database.

OMB also states that spend plans "routinely contain sensitive and predecisional information." ECF No. 44 at 5 (quoting ECF No. 44-1, Supp. Kinneen Decl. ¶¶ 13 & 14). Notably, though, OMB does not argue that the spend plans are covered by the deliberative process privilege or by any other privilege. And any such argument would be futile: This Court has already rejected the argument that legally binding apportionment documents can be withheld under the deliberative process privilege. *See* ECF No. 33 at 44–46.

**II.** OMB is incorrect in arguing that CREW's motion to enforce is "seek[ing] to expand the scope of the Court's order." ECF No. 44 at 5. In the July 21, 2025, order, this Court required OMB to "make publicly available the apportionment information required to be disclosed by the

2022 and 2023 Acts." ECF No. 32. As discussed above, the incorporated-by-reference spend plans are required to be disclosed by the 2022 and 2023 Acts. They thus fall squarely within the scope of the Court's order.

In other words, although OMB is correct that its "publication of apportionment documents and footnotes in accordance with the 2022 and 2023 Acts" would "afford[] [CREW] all the relief required by the Court's Order," ECF No. 44 at 6, OMB is *not* publishing apportionment documents and footnotes in accordance with the 2022 and 2023 Acts. Accordingly, CREW has not received all the relief required by the Court's order.

**III.** Finally, OMB contends that CREW waived the argument that OMB must make incorporated-by-reference spend plans publicly available because CREW has "been on notice of OMB's use of spend plans to inform apportionment decisions" but did not previously "raise[] the prospect that spend plans could (or should) be published in OMB's Public Apportionment Database." *Id*. at 6. Again, however, OMB is failing to distinguish between spend plans that inform apportionment decisions and the spend plans at issue in CREW's motion to enforce, the terms of which are incorporated by reference in legally binding apportionment documents.

Before it took down the Public Apportionments Database in March 2025, OMB rarely incorporated the terms of spend plans by reference in legally binding apportionment documents. ECF No. 39-1, Supp. Wentworth Decl. ¶ 10. And OMB was not required by the 2022 and 2023 Acts to make publicly available the spend plans that it referenced but did not incorporate by reference.

Now, however, OMB is frequently incorporating the terms of spend plans by reference in legally binding apportionment footnotes, particularly with respect to some agencies. *Id*. ¶¶ 4–7. Between March 24, 2025, when it took down the Public Apportionments Database, and September

5, 2025, for example, OMB approved at least 131 documents that incorporated the terms of spend by plans by reference in legally binding apportionment footnotes. *Id*. ¶ 6. More than 40% of the documents apportioning funds for the Department of State, Department of Interior, and Social Security Administration that OMB approved during that period included footnotes incorporating spend plans by reference. *Id*. ¶ 7.

Because OMB illegally took down the Public Apportionments Database and stopped making apportionment documents publicly available, CREW could not have known, earlier in this case, the frequency with which OMB had started incorporating the terms of spend plans by reference in legally binding apportionment footnotes. And it could not have known that, despite the extent of this incorporation by reference, and thus the impact that keeping the spend plans secret would have on the public's ability to understand and monitor apportionments, OMB would not make incorporated-by-reference spend plans publicly available if ordered by the Court to comply with the 2022 and 2023 Acts' disclosure requirements. Simply put, CREW could not have known, until OMB reposted the Public Apportionments Database, that the restored Database would be missing numerous documents "required to be disclosed by the 2022 and 2023 Acts." ECF No. 32.

It is now clear that OMB is failing to post numerous such documents in the restored Public Apportionments Database. This Court should not countenance OMB's new method of keeping hidden information about its apportionment of appropriated funds. It should grant CREW's motion to enforce and require OMB to post incorporated-by-reference spend plans in the Public Apportionments Database.

## CONCLUSION

This Court should order OMB to post in the Public Apportionments Database spend plans whose terms are incorporated by reference in legally binding apportionment documents.

Dated: October 27, 2025

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum (DC Bar No. 490928)
Wendy Liu (DC Bar No. 1600942)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
arosenbaum@citizen.org

Nikhel S. Sus (DC Bar No. 1017937)
Yoseph T. Desta (DC Bar No. 90002042)*
Citizens for Responsibility and Ethics in Washington
1331 F Street NW, Suite 900
Washington, DC 20004
Phone: (202) 408-5565
Fax: (202) 508-5020
nsus@citizensforethics.org
ydesta@citizensforethics.org

*admitted *pro hac vice*

*Counsel for CREW*