**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN GOVERNMENT, <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. OFFICE OF MANAGEMENT AND BUDGET, et al., <br><br> *Defendants*. | Case No. 1:25-cv-1051 |

**PLAINTIFF'S MOTION FOR COURT TO SET COMPLIANCE DEADLINES**

**INTRODUCTION**

On July 21, 2025, this Court entered summary judgment for Plaintiff Citizens for Responsibility and Ethics in Washington (CREW) and ordered Defendants Office of Management and Budget and Director Russell Vought (collectively, OMB) to restore and maintain the Public Apportionments Database, as required under the Consolidated Appropriations Acts of 2022 and 2023. By order dated January 28, 2026, the Court made clear that the Acts and the Court's July Order require OMB to post "spend plans" incorporated by reference into legally binding apportionment footnotes. In the nearly four months since, however, OMB has made only a small fraction of these spend plans public.

OMB's failure to post spend plans incorporated by reference into apportionment footnotes is contrary to this Court's orders and is significantly harming Plaintiff's ability to scrutinize the government's spending activities in furtherance of its mission. Plaintiff therefore respectfully requests that the Court set the deadlines proposed below for OMB to post spend plans covered by the Court's existing orders. Protect Democracy, the plaintiff in Case No. 25-1111, is making a substantively identical motion in that case, seeking the same relief sought in this motion.[1]

**BACKGROUND**

**A.** The 2022 and 2023 Consolidated Appropriations Acts require OMB to publicly "post each document apportioning an appropriation …, including any associated footnotes," "not later than 2 business days after the date of approval of such apportionment," "in a format that qualifies each such document as an Open Government Data Asset (as defined in section 3502 of title 44, United States Code)." 31 U.S.C. § 1513 note.[2] Plaintiff filed this case after OMB took down the

---

[1] Counsel for Plaintiff has conferred with counsel for Defendants about this motion. Defendants oppose Plaintiff's request for relief.
[2] *See* Pub. L. 117-103, div. E, tit. II, § 204(b)–(c), 136 Stat. 49, 257 (2022), *codified at* 31

Public Apportionments Database through which OMB had made apportionment documents publicly available. On July 21, 2025, this Court granted Plaintiff's motion for partial summary judgment, holding that OMB violated the 2022 and 2023 Acts. *See* Order, ECF No. 32. The Court required OMB to "restore the Public Apportionments Database and make publicly available the apportionment information required to be disclosed by the 2022 and 2023 Acts," and permanently enjoined OMB from removing the Database or ceasing to post apportionment information as required by the Acts moving forward. Order at 2.

On August 15, 2025, after the Court's order went into effect, OMB restored the Public Apportionments Database and began posting apportionment documents. The restored Database showed that, in the months in which OMB had not been disclosing apportionment information, OMB had frequently incorporated agency "spend plans" by reference into apportionment footnotes. In so doing, OMB had made the contents of the spend plans legally binding conditions on how agencies are authorized to use appropriated funds. Mem. Op. & Order ("Enforcement Order") at 9, ECF No. 46. When OMB restored the Public Apportionments Database, however, it failed to post these spend plans.

Faced with OMB's non-compliance, Plaintiff moved to enforce the Court's order. *See* ECF No. 39. On January 28, 2026, the Court granted the motion to enforce. The Court explained that "when OMB conditions the ability of an agency to obligate funds upon OMB's agreement with the contents of a spend plan in a legally-binding footnote, OMB has incorporated-by-reference the terms of the spend plan into the apportionment and therefore the spend plan is a 'document apportioning an appropriation' that must be disclosed under the 2022 and 2023 Acts." Enforcement Order at 8. Accordingly, the Court ordered OMB to:

---

U.S.C. § 1513 note (2022 Act); Pub. L. 117-328, div. E, tit. II., § 204, 136 Stat. 4459, 4667 (2022), *codified at* 31 U.S.C. § 1513 note (2023 Act).

**COMPLY** with this Court's July 21, 2025, Order by posting in the Public Apportionments Database, for all apportionments approved since March 24, 2025, and for all future apportionments, spend plans whose terms are incorporated by reference in legally binding apportionment documents, including revised and new spend plans whose terms are incorporated by reference in legally binding apportionment documents.

*Id.* at 13–14.

**B.** It has now been nearly four months since the Court entered its enforcement order, and more than 10 months since this Court's summary judgment order. Yet OMB is still not posting spend plans as required by the Court's orders and the 2022 and 2023 Acts, both with respect to spend plans incorporated by reference into apportionment footnotes prior to the Court's enforcement order, and those incorporated after the Court's enforcement order.

With respect to spend plans incorporated into binding footnotes prior to the Court's January 28, 2026, Order granting the motion to enforce (the "Pre-Enforcement Order Spend Plans"), OMB incorporated spend plans into at least 299 apportionments approved between March 24, 2025, when OMB took down the public database, and January 28, 2026. *See* Decl. of Cerin Lindgrensavage ¶ 3. OMB has posted only 76 of those spend plans to date. *See id.* ¶ 5.

With respect to spend plans incorporated by reference into footnotes after January 28, 2026 ("Post-Enforcement Order Spend Plans"), although OMB appears to have incorporated at least 41 spend plans by reference into apportionments during this time frame, *see id.* ¶ 4, OMB has published just 5 of those spend plans, *see id.* ¶ 5. OMB has failed to post spend plans from both buckets even though the 2022 and 2023 Acts, and the Court's orders, require posting all documents containing an apportionment within two business days.

Moreover, the spend plans that OMB *has* posted have deficiencies that render the disclosure not in accordance with the Acts. For example, OMB has not posted the spend plans in a format that qualifies as an Open Government Data Asset. In addition, some of the posted plans

lack information necessary to identify the apportionment that incorporated the spend plan. *See id.* ¶ 6(e). For instance, some of the posted plans lack the date on which the plan was approved by OMB—that is, the date on which the plan became a binding document apportioning an appropriation. And some lack the TAFS (Treasury Appropriation Fund Symbol) account number of the relevant apportionment, which prevents the public from knowing which apportionment has incorporated that spend plan by reference. *See id.* ¶¶ 6(e) & 8.

**C.** Plaintiff and Protect Democracy, the plaintiff in the related Case No. 25-1111, have repeatedly reached out to OMB to try to address the issues raised in this motion without further involvement of this Court. OMB, however, has been unwilling to provide a timeline by which it intends to comply with the 2022 and 2023 Acts and this Court's orders.

Regarding the at least 36 Post-Enforcement Order Spend Plans already incorporated by reference but not posted, OMB has provided no information about when it intends to post these spend plans. And with respect to spend plans that will be incorporated by reference in the future, OMB has not provided any information about when it intends to start posting such spend plans within two business days on a going-forward basis, as required by the Acts. Instead, counsel for OMB told counsel for Plaintiff that OMB is creating a new system for prospectively clearing and publishing incorporated-by-reference spend plans—without explaining why OMB needs a system for clearing spend plans that it is required to post, and without providing a timeline for when its new system will be functional.

With respect to Pre-Enforcement Order Spend Plans, counsel for OMB told counsel for Plaintiff in March that it has identified the apportionments incorporating spend plans by reference and estimates completing its review of such spend plans by June 30, 2026. OMB refused, however, to respond to inquiries about the purpose of reviewing spend plans that had already been identified

as being incorporated by reference into apportionments, rather than simply posting the spend plans online as required by the Court's order. Even setting aside that issue, given the rate at which OMB is posting spend plans, it seems unlikely that OMB will meet even that belated date.

The parties engaged in a dialogue about the posting of the spend plans throughout February and March. Most recently, on March 27, Plaintiff asked OMB several questions about its plan for posting. OMB's response on April 1 failed to provide substantive answers to any of the questions, including about what spend plans would be posted by what date. When counsel for Protect Democracy followed up, counsel for OMB failed to respond at all. Plaintiff has received no further communication from counsel for OMB about spend plans, except in response to a request for the agency's position on this motion.

### ARGUMENT

This Court should set a deadline for OMB to comply with the Court's January 28, 2026, Order. As this Court explained in its opinion and order, "a district court has 'the authority to enforce the terms of [its] mandate[ ].'" Enforcement Order at 6 (quoting *WildEarth Guardians v. Bernhardt*, No. CV 16-1724 (RC), 2019 WL 3253685, at *3 (D.D.C. July 19, 2019) (quoting *Flaherty v. Pritzker*, 17 F. Supp. 3d 52, 55 (D.D.C. 2014))). "A court asked to enforce a prior order should grant the motion when a 'prevailing plaintiff demonstrates that a defendant has not complied with a judgment entered against it[ ].'" *Id*. at 6–7 (quoting *WildEarth Guardians*, 2019 WL 3253685, at *3 (quoting *Heartland Hosp. v. Thompson,* 328 F. Supp. 2d 8, 11 (D.D.C. 2004))).

Although the Court ordered OMB to post in the Public Apportionments Database all spend plans whose terms are incorporated by reference into legally binding apportionment documents for all apportionments approved since March 24, 2025, OMB has posted only a small fraction of those documents in the Database, particularly with respect to the Post-Enforcement Order Spend

Plans. Moreover, it has not been posting spend plans within two business days of incorporating them, as required by the 2022 and 2023 Acts and this Court's orders, and it has given no indication that it will begin doing so anytime soon.

With respect to compliance going forward, OMB should be able to post spend plans incorporated by reference into apportionment documents within two business days of approving the apportionment, just as it posts other apportionment documents. Contrary to OMB's statements to counsel for Plaintiff, there is no need for a new clearance system. Once OMB incorporates a spend plan by reference into a legally binding apportionment document, OMB must, under this Court's orders, post that document.

The same is true of the Post-Enforcement Order Spend Plans that have already been incorporated by reference. OMB knew when it incorporated these spend plans by reference that it was legally required to post them in the Database within two days. It should have done so, and it should post those plans as soon as possible now.

With respect to Pre-Enforcement Order Spend Plans, OMB's need to identify the spend plans it incorporated by reference does not justify its failure to timely comply with the Court's orders. Of the 6,857 apportionments approved during between March 24, 2025, and January 28, 2026, only approximately 299 incorporated spend plans by reference. Moreover, it is inconceivable that it would take OMB months to identify the spend plans, which contain legally binding requirements that OMB is imposing on agencies that, if violated, subject the agency employees to discipline, including possible criminal penalties. *See* 31 U.S.C. §§ 1517(a)(1), 1519. And although counsel for OMB indicated to counsel for Plaintiff that OMB is in the process of reviewing the spend plans, there is, again, no need for OMB to conduct a review. OMB is required to post the incorporated-by-reference spend plans.

6

OMB's failure to comply with this Court's orders and post the incorporated-by-reference spend plans is harming Plaintiff's ability to "fulfill [its] mission[ ] of educating the public and Congress about how the Executive Branch is allocating congressionally appropriated funds." Mem. Op. at 55, ECF No. 33. As this Court recognized in its summary judgment opinion, Plaintiff needs "timely access to apportionment information as required by the 2022 and 2023 Acts" to "monitor government funding, respond to possible legal violations, and provide transparency to the public." *Id*. at 54. The incorporated-by-reference spend plans are among the apportionment documents that Plaintiff needs to fully perform these activities.

Accordingly, Plaintiff requests that this Court enter a schedule by which Defendants must comply with the Court's January 28 Order by posting spend plans incorporated by reference in legally binding apportionment documents. More specifically, Plaintiff requests that the Court order OMB to:

1) immediately start posting spend plans incorporated by reference in legally binding apportionment documents within two days of when the apportionment is approved;

2) post all other Post-Enforcement Order Spend Plans within one week of the Court's order; and

3) post all Pre-Enforcement Order Spend Plans within two weeks of the Court's order.

**CONCLUSION**

For the foregoing reasons, the Court should order OMB to comply with the Court's July 21, 2025, and January 28, 2026, Orders by posting spend plans incorporated by reference into apportionment documents by the deadlines set forth above.

7

Dated: May 22, 2026

/s/ Adina H. Rosenbaum
Adina H. Rosenbaum (DC Bar No. 490928)
Wendy Liu (DC Bar No. 1600942)
Allison M. Zieve (DC Bar No. 424786)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
arosenbaum@citizen.org

Nikhel S. Sus (DC Bar No. 1017937)
Citizens for Responsibility and Ethics in Washington
P.O. Box 14596
Washington, DC 20044
(202) 408-5565
nsus@citizensforethics.org

*Counsel for CREW*