**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE OF MANAGEMENT AND BUDGET, *et al.*,<br><br>Defendants. | Civil Action No. 25-1051 (EGS) |
| PROTECT DEMOCRACY PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>U.S. OFFICE OF MANAGEMENT AND BUDGET, *et al.*,<br><br>Defendants. | Civil Action No. 25-1111 (EGS) |

**ORDER**

Pending before the Court are Motions for Court to Set Compliance deadlines filed by Plaintiffs Citizens for Responsibility and Ethics in Washington ("CREW") and Protect Democracy Project ("Protect Democracy"). *See* CREW Mot. to Set

Compliance Deadlines ("Crew Mot.") ECF No. 47[1] in Civil Action No. 25-1051; Protect Democracy Mot. to Set Compliance Deadlines ("Protect Democracy Mot."), ECF No. 49 in Civil Action No. 25-1111. Defendants Office of Management and Budget ("OMB") and Director Russell Vought ("Director Vought") (collectively, "Defendants") filed a consolidated Opposition[2] to the motions, *see* CREW Opp'n, ECF No. 48 in Civil Action No. 25-1051; Protect Democracy Opp'n, ECF No. 50 in Civil Action No. 25-1111; and Plaintiffs each filed a Reply, *see* CREW Reply, ECF No. 49 in Civil Action No. 25-1051; Protect Democracy Reply, ECF No. 51 in Civil Action No. 25-1111. For the reasons explained below, the Court **GRANTS** each motion.

On July 21, 2025, the Court granted summary judgment to CREW and Protect Democracy on their claims that the Defendants' removal of the Public Apportionments Database violated the 2022 and 2023 Consolidated Appropriations Acts (the "2022 and 2023 Acts"), and to CREW on its claim that the removal violated certain provisions of the Paperwork Reduction Act. *See generally*

[1] When citing electronic filings throughout this opinion, the Court cites to the ECF header page number, not the original page number of the filed document.

[2] Because Defendants filed a consolidated Opposition, the Court will cite only to the Opposition filed in Civil Action No. 25-1051, ECF No. 48.

*Citizens for Responsibility and Ethics in Wash. v. Office of Mgmt. & Budget*, 791 F. Supp. 3d 29 (D.D.C. 2025).

The 2022 Act required OMB to

> implement[ ] . . . an automated system to post each document apportioning an appropriation ... including any associated footnotes, in a format that qualifies each such document as an Open Government Data Asset (as defined in section 3502 of title 44, United States Code), not later than 2 business days after the date of approval of such apportionment[.]

Pub. L. No. 117-103, div. E, tit. II, § 204(b), 136 Stat. 257 (Mar. 15, 2022) (codified at 31 U.S.C. § 1513 note).

The 2023 Act provides:

> In fiscal year 2023 and each fiscal year thereafter ... [OMB] shall operate and maintain the automated system required to be implemented by [the 2022 Act] ... and shall continue to post each document apportioning an appropriation, pursuant to section 1513(b) of title 31, United States Code, including any associated footnotes[.]

Pub. L. No. 117-328, div. E, tit. II, § 204(1), 136 Stat. 4459, 4667 (Dec. 29, 2022) (codified at 31 U.S.C. § 1513 note).

The Court issued a separate Order in each case since the claims were not identical, but the following language in each Order was identical. Specifically, the Court

> **ORDERED** that Defendants shall restore the Public Apportionments Database and make publicly available the apportionment information required to be disclosed by the 2022 and 2023 Acts, including the apportionment information from the time the database was taken offline on or about March

> 24, 2025, through the time the database is restored; and . . . further
>
> **ORDERED** that Defendants are **PERMANENTLY ENJOINED** from removing the Public Apportionments Database or otherwise ceasing to post apportionment information on a publicly available website in the time and manner required by the 2022 and 2023 Acts without statutory authorization . . .

Order, ECF No. 32 in Civil Action No. 25-1051 at 2; Order, ECF No. 33 in Civil Action No. 25-1111 at 2. Defendants restored the database on August 15, 2025. *See* CREW Mot. to Enforce, ECF No. 39 in Civil Action No. 25-1051 at 4; Protect Democracy Mot. to Enforce, ECF No. 41 in Civil Action No. 25-1111 at 6.

In September 2025, Plaintiffs filed respective Motions to Enforce Court Order because in certain legally binding footnotes to the apportionment, OMB conditions the agency's use of apportioned funds on the contents on the latest "spend plan" that OMB must approve, but OMB refused to publicly disclose the spend plans. *See* CREW Mot. to Enforce, ECF No. 39 in Civil Action No. 25-1051 at 4; Protect Democracy Mot. to Enforce, ECF No. 41 in Civil Action No. 25-1111 at 2. The Court granted the respective motions on January 28, 2026, concluding that OMB has incorporated by reference the terms of certain spend plans in legally binding footnotes. *See* Mem. Op. & Order, ECF No. 46 at 13 in Civil Action No. 25-1051; Mem. Op. & Order, ECF No. 48 at 13 in Civil Action No. 25-1111. The Court explained that since

the terms of such spend plans contain legally binding limits on the agencies' ability to obligate funds, the spend plans are "documents apportioning an appropriation," 31 U.S.C. § 1513 note; and must be made publicly available under the 2022 and 2023 Acts and this Court's July 21, 2025, Order. *See id.* The Court further explained that because the spend plans have not been made publicly available, Plaintiffs have not "received all relief required by the Court's earlier order." *Id.* (citing *WildEarth Guardians v. Bernhardt,* No. CV 16-1724 (RC), 2019 WL 3253685, at *3 (D.D.C. July 19, 2019) (citation modified).

The Court therefore

> **ORDERED** that CREW's Motion to Enforce, ECF No. 39 in Civil Action No. 25-1051; and Protect Democracy's Motion to Enforce, ECF No. 41 in Civil Action No. 25-1111 are **GRANTED**; and . . . further
>
> **ORDERED** that Defendants Office of Management and Budget and Director Russell Vought **SHALL COMPLY** with this Court's July 21, 2025, Order by posting in the Public Apportionments Database, for all apportionments approved since March 24, 2025, and for all future apportionments, spend plans whose terms are incorporated by reference in legally binding apportionment documents, including revised and new spend plans whose terms are incorporated by reference in legally binding apportionment documents.

Mem. Op. & Order, ECF No. 46 at 13-14 in Civil Action No. 25-1051; Mem. Op. & Order, ECF No. 48 at 13-14 in Civil Action No. 25-1111.

In May 2026, Plaintiffs filed the pending Motions for Court to Set Compliance Deadlines. *See* Crew Mot., ECF No. 47 in Civil Action No. 25-1051; Protect Democracy Mot., ECF No. 49 in Civil Action No. 25-1111. Plaintiffs state that: (1) Defendants have posted some but not all of the spend plans incorporated by reference into apportionments both prior to and after the Court's January 28, 2026 Memorandum Opinion and Order, *see* Crew Mot., ECF No. 47 at 4 in Civil Action No. 25-1051; Protect Democracy Mot., ECF No. 49 at 4 in Civil Action No. 25-1111; and (2) the spend plans that have been posted have not been posted in a format that qualifies as an Open Government Data Asset, that some lack applicable dates and the Treasury Appropriation Fund Symbol ("TAFS"), *see* Crew Mot., ECF No. 47 at 4-5 in Civil Action No. 25-1051; Protect Democracy Mot., ECF No. 49 at 4-5 in Civil Action No. 25-1111. Defendants oppose the motions, arguing that OMB has made progress in posting the spend plans and that posting them presents various technical challenges. *See* CREW Opp'n, ECF No. 48 at 2-6.

On July 22, 2026, after reviewing the parties' July 8, 2026 Joint Status Report ("JSR"), the Court informed the parties that it would hold the motions in abeyance pending a further JSR to be filed by September 30, 2026. Minute Order (July 22, 2026). The Court found Defendants' explanations of the challenges

associated with posting the spend plans compelling, *see* Decl. of David Rowe, ECF No. 48-1 in Civil Action No. 25-1051; Decl. of David Rowe, ECF No. 50-1 in Civil Action No. 25-1111; and sought to give OMB time to implement the requirement that incorporated-by-reference spend plans be posted in the Public Apportionments database.

In the JSR filed on September 30, 2026, OMB states that it is in compliance with all Court orders. In particular, it states that

> OMB has implemented internal procedures for approving and posting incorporated spend plans. Once approved by the Program Associate Director, Resource Management Office program examiners must upload the incorporated spend plan into an internal system for verification, Section 508 accessibility compliance, and automatic posting to the public apportionment database from that internal system. The program examiners have been instructed to upload the incorporated spend plan expeditiously once approved so posting to the public apportionment database may occur as close to the date of approval as practicable.

JSR, ECF No. 51 at 2 in Civil Action No. 25-1051; JSR, ECF No. 54 at 2 in Civil Action No. 25-1111.

Plaintiffs dispute that OMB is in compliance with the Court's orders because "[OMB] has not stated that [the internal procedures it has adopted for approving and posting incorporated spend plans] vide for posting incorporated-by-reference spend plans within two business days, as required by the Acts." JSR, ECF No. 51 at 3 in

Civil Action No. 25-1051; JSR, ECF No. 54 at 3 in Civil Action No. 25-1111. In particular, Plaintiffs note that

> Although many spend plans do not specify the approval date of the apportionment, Plaintiffs' review of the posted spend plans shows that OMB is uploading spend plans periodically in batches, rather than within two business days as required by law. For example, OMB uploaded batches on July 17, August 1, and September 26. As a result, spend plans titled "April Update" and "May Update" were not uploaded to the database until August 1.

*Id.*

Accordingly, the remaining issue is the timing of the posting of the spend plans. Plaintiffs are entitled to timely access to the spend plans. The information provided by OMB does not indicate that it has adopted procedures that require the posting of incorporated-by-reference spend plans within two business days as required by the 2022 and 2023 Acts. And Plaintiffs' statement that the spend plans are being uploaded in delayed batches is unrefuted.

Accordingly, it is hereby

**ORDERED** that CREW's Motion for Court to Set Compliance Deadlines, ECF No. 47 in Civil Action No. 25-1051; and Protect Democracy's for Court to Set Compliance Deadlines, ECF No. 49 in Civil Action No. 25-1111 are **GRANTED**; and it is further

**ORDERED** that beginning November 1, 2026, Defendants shall post in the Public Apportionments Database all spend plans whose

terms are incorporated by reference into legally binding apportionment documents within two days of when the apportionment is approved; if a new spend plan is incorporated by reference into a previously approved apportionment document, or an incorporated-by-reference spend plan is revised, Defendants shall post the spend plan in the Public Apportionments Database within two days of when the spend plan is approved or revised; and it is further

**ORDERED** that, by November 16, 2026, Defendants shall post in the Public Apportionments Database all other spend plans incorporated by reference into legally binding apportionment documents since January 28, 2026 to the extent they have not already been posted; and it is further

**ORDERED** that, by December 1, 2026, Defendants shall post in the Public Apportionments Database spend plans incorporated by reference into legally binding apportionment documents between March 24, 2025, and January 28, 2026, inclusive, to the extent they have not already been posted.

**SO ORDERED.**

**Signed:** **Emmet G. Sullivan**
**United States District Judge**
**October 9, 2026**